Saint Paul Mercury Indemnity Company's Appeal.

Argued January 25, 1937.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Geo. B. Balmer,* for appellant.

*Ralph C. Body* and *Dawson H. Muth,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 22, 1937:

The county controller in the annual report of his audit of the fiscal affairs of the county surcharged the county

treasurer in the sum of $81,183. It does not appear in the record whether any effort was made by the surety to take part through its principal, the county treasurer, in the audit held by the controller. Appellant attempted to appeal to the common pleas court in its own name. This effort was held to be fruitless by the court below because the governing act did not permit such an appeal.

There seems little doubt that it was not the intention of the legislators to give the right of appeal to sureties on the bonds of county officials, although they are vitally concerned in the report. The Act of May 2, 1929, P. L. 1278, Article IV, Section 379, provides that: "An appeal may be taken from such report to the court of common pleas, either by the Commonwealth, the county, or the officer. Such appeal may also be taken by ten or more taxpayers in behalf of the county. . . ."

It is a familiar maxim of statutory construction that where a provision of an act is expressly stated to apply to named persons or groups, those persons and groups not named are excluded. See *Sugar Notch Borough,* 192 Pa. 349.

Although the precise point has not been decided, there is dictum in analagous cases which supports the conclusion of the court below. We held in *Commonwealth v. Reitzel,* 9 W. & S. 109, that under the Act of 1811, relating to the settlement of accounts of toll collectors, such settlement was final and conclusive on the sureties who had no right to appeal. Similar indications by dicta may be found in *Senor v. Dunbar Township School District,* 307 Pa. 190, and *Blackmore v. County of Allegheny,* 51 Pa. 160, 163. *Commonwealth v. Gutelius (No. 1),* 287 Pa. 441, 445, suggests a different result though the method is not indicated.

Appellant objects, however, that unless it is permitted to appeal it will be deprived of property without due process of law, and be subjected to liability without an opportunity to be heard. It contends that the

decision of the court below makes the report of the controller, if unappealed from, final and conclusive upon all parties including the surety, and as it has the effect of a judgment against the officer the surety cannot attack it collaterally when suit is brought against it upon the officer's bond. It therefore complains it has not had its day in court.

The statutory method of settling the accounts of officials is the exclusive method of determining their liability and the report of a county controller is conclusive upon the officer as to all matters embraced within it unless an appeal be taken to the court of common pleas. The decision of that court is final. See *Riehl et al. v. Miller et al.,* 319 Pa. 201; *O'Gara et al. v. Phillips,* 297 Pa. 526. These reports cannot be attacked collaterally, and can be questioned only as a judgment can be. In this State the reports of county controllers and auditors are conclusive upon the sureties. This rule, which is followed in few other jurisdictions, is based upon the premise that those who undertake to become sureties upon official bonds do so with full knowledge that their rights may be determined in the statutory manner. Unless finality of settlement of fiscal affairs is provided for, municipalities will be harrassed and annoyed by a double hearing on the same matter and will be unduly delayed in collecting the account. The rule is somewhat similar to that in actions on indemnity bonds. See *Masser v. Strickland,* 17 S. & R. 354. In *Commonwealth v. Scanlan,* 202 Pa. 250, sureties were denied the right to open a judgment entered upon an official bond for a surcharge made in the report of county auditors, and in *Commonwealth v. Joyce,* 3 Pa. Superior Ct. 616, a similar motion by sureties was denied.*

---

* There it was said: "The court could not open the judgment or strike it off for any of the reasons contained in the petition . . . because the findings of fact by the auditors, unappealed from, were conclusive upon Peter Joyce and his sureties, except as to matters which were apparent on the face of the record."

See also *Commonwealth v. Farrelly's Administrators,* 1 P. & W. 52; *Siggins v. Commonwealth,* 85 Pa. 278; *Mc-Micken v. Commonwealth,* 58 Pa. 213; *Dyer v. Covington Township,* 28 Pa. 186; *Commonwealth v. Gruver,* 13 Pa. Superior Ct. 553. The point was presented in *Hazle Township v. Markle,* 175 Pa. 405, but as the appeal asked for a summary judgment for want of a sufficient affidavit of defense, which was refused, the opinion does not discuss the precise question. A very early case, *Carmack v. Commonwealth,* 5 Binney 184, suggests the only real authority for a contrary conclusion. In that case the court permitted the sureties to make a defense in an action upon their bond which could have been raised by the officer himself in an original action against him for trover. Justice YEATES said: "But secondly, whatever may be the liability of the sureties, it is not consistent with the principles of common justice that they should be condemned unheard. . . . They had an undoubted right to question the illegality of the act complained of and to contest the damages consequent thereon."

However meritorious this reasoning may be, the case has been limited by subsequent decisions to the facts there presented.

The above rules definitely state the exact legal position of these reports. In answer to the surety's objection that it is denied the right to be heard, it had due notice that the audit was being made. The statute requires these audits at the end of each year. This the surety knew when it executed the bond. Had it been diligent, it could have apprised itself of the controller's action and, though it could not have appeared in its own capacity, it could through its principal have taken such part in the audit as would have enabled it to protect its interests; the court below, unless cause was shown to the contrary, would have given due recognition to that right. The surety could also, through its principal, effect an appeal in his name, but it could not do so in its own capacity as surety. The principal could not ob-

ject to the use of his name as long as he was protected from costs. A surety's right under equitable principles clearly authorizes this use.

But, the cases we have noted as to the surety's liability cannot be understood to deny to it the right to defend an action upon a bond by raising personal defenses which are available to it from the nature of its obligation. Such defense does not impeach the controller's report but confines it within legitimate limits. The surety in the present case is not deprived of the relief which it seeks. It is only liable to the extent of its surety contract regardless of the question of its principal's liability. Sureties are only bound according to the true construction of the obligation notwithstanding the form of expression: *Spangler v. Commonwealth,* 8 Watts 57. See also *Masser v. Strickland,* supra. Thus in *Commonwealth v. Sweigart,* 9 Pa. Superior Ct. 455, judgment was entered upon the bond of a township supervisor and his sureties pursuant to the report of the auditors, from which no appeal had been taken. The court held that the sureties could show that the obligation was one which was not embraced in their bond. And, in *Commonwealth v. West,* 1 Rawle 29, it was held that in a suit against a prothonotary and his sureties, the latter were only liable within the scope of their engagement and could defend upon the ground that the surcharge was for monies received after the officer's tenure of office and the expiration of the surety period. And again in *Commonwealth v. Reitzel,* supra, it was held that the sureties of the toll collector could prove that the charge against the officer was not one of the risks assumed by them according to the terms of the bond.

Appellant was not surety for the county treasurer for the entire period of his office but its bonds limit its liability to any transaction occurring after July 15, 1935. The report of the county controller did not show when the shortage occurred. There can be no doubt, there-

fore, that although the report is conclusive as to the fact of a shortage and as to the total amount, it does not purport to fix appellant's liability, which must be determined by proof that the shortage occurred within a given period. This defense can be raised by the surety in an action upon its bonds even though it cannot be heard to attack the surcharge upon the merits.

The decree is affirmed without prejudice to appellant to make any defense available at law in a subsequent action upon its bonds.