## Horse Race Passes

ROBERT P. KANE, *Attorney General*, VINCENT X. YAKOWICZ, *Solicitor General*, and W. WILLIAM ANDERSON, *Deputy Attorney General*, May 5, 1976—We have been asked to determine if the Horse Racing Commission and the Harness Racing Commission are legally authorized to issue free passes for admission to horse or harness race meetings conducted by corporations licensed by the commissions pursuant to the applicable statutes. It is our opinion, and you are advised, that neither commission has such authority.

The Act governing thoroughbred horse race meetings and the Act governing harness horse race

meetings are, in many respects, the same and the respective sections relating to free passes are almost identical. The complete texts of the applicable provisions are as follows:

"A corporation licensed to conduct pari-mutuel betting on thoroughbred (harness) horse races run at its race track shall not issue free passes, cards, or badges except to persons hereafter described: Officers and employes of the corporation conducting the race meeting; members, officers and employes of the State Horse (Harness) Racing Commission; members of thoroughbred Horse (Harness) Racing Associations of other states and foreign countries; public officers engaged in the performance of their duties; persons actually employed and accredited by the press to attend such meetings; owners, stable managers, trainers, jockeys (drivers), concessionaires, and other persons whose actual duties require their presence at such race track. The issuance of tax-free passes, cards, or badges shall be under the rules and regulations of the State Horse (Harness) Racing Commission and a list of all persons to whom free passes, cards or badges are issued shall be filed with the State Horse (Harness) Racing Commission.": Act of December 22, 1959, P.L. 1978, sec. 22, as amended, 15 P.S. §2622; Act of December 11, 1967, P.L. 707, sec. 23, as amended, 15 P.S. §2673.

By these sections the legislature has granted limited authority to the corporations licensed to conduct pari-mutuel betting at race tracks owned or leased by them to issue free passes to persons fitting within certain well-defined categories for, in most cases, purposes having to do with the actual conduct of the business of racing. For example, public officers may be given free passes only if the

performance of their duties as public officers requires them to be present at the race meeting. This would include a police officer while on duty and an employe of the Pennsylvania Department of Revenue whose duty is to determine and collect the amount of tax due the Commonwealth resulting from the pari-mutuel betting. It would not include, for example, a county commissioner or the mayor of a city attending for recreation or even for entertaining a guest in connection with what might be considered the official duties of a public office but which have no relation to the business of racing. Moreover, the above sections require a list of all persons to whom free passes have been issued to be filed with the commissions.

These are the only provisions in either act dealing with free passes, and there are no provisions giving any authority to the commissions to issue free passes. It is a familiar maxim of statutory construction that where a provision of an act is expressly stated to apply to named persons or groups, those persons and groups not named are excluded: Saint Paul Mercury Indemnity Co.'s Appeal, 325 Pa. 535, 191 Atl. 9 (1937). See also Haughey v. Dillon, 379 Pa. 1, 108 A. 2d 69 (1954). In accordance with this maxim, since the acts name the licensed corporations as those authorized to issue free passes and since the commissions are not named, it must be concluded that the legislature intended to exclude the commissions from such authority.

Therefore, it is our opinion, and you are advised, that neither the State Horse Racing Commission nor the State Harness Racing Commission is authorized to issue free passes for admission to horse or harness race meetings conducted by corporations licensed by the commissions pursuant to the applicable statutes.

It has come to our attention that the commissions have already issued and/or have requests for tens of thousands of free passes. We advise that the commissions must immediately cease to issue any passes and such passes as have been issued are void and the racing associations are prohibited from honoring them.