## In re: Manor Township School District.

*Taxes—Tax collectors—School taxes—Auditors' reports—Filing —Administrator.*

Where the auditors of the finances of a school district fail to file their report in the court of quarter sessions, showing a statement

of the result of the audit, it is proper to permit a supplemental report to be filed showing the results of the audit, and that a shortage existed in the tax collector's accounts.

Argued November 10, 1924.  Appeal, No. 238, Oct. T., 1924, by John W. Witmer, Administrator d. b. n. of Arthur A. Grebinger, deceased, from decree of Q. S. Lancaster Co., Quarter Sessions, Journal page 181, permitting the filing of a supplemental report In re audit of the finances of the School District of the Township of Manor.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Rule to show cause why supplemental report of tax collector's audit should not be filed.  Before LANDIS, P. J.

The facts are stated in the opinion of the Superior Court, and in the following opinion of the court below, making absolute the rule:

By article XXVI, section 2601, of the School Code of May 18, 1911, P. L. 309, it was enacted that "the finances of every school district in this Commonwealth, in every department thereof, together with the accounts of all school treasurers, school depositories, teachers' retirement funds, teachers' institute funds, directors' association funds, sinking funds, and other funds belonging to or controlled by the district, shall be properly audited as follows..... : Section 2604.  In all school districts of the fourth class, by the proper borough or township auditors therein." Also, section 2614 directed that, "in all school districts of the second, third and fourth class, when any sum is charged against any person, such person shall be notified by the auditors, at or before the time of filing their report, by mail or otherwise, of such fact, setting forth the amount charged against him," and section 2615, that "in all school districts of the second, third and fourth class in this Commonwealth, the auditors' report of the finances of the district for the preceding fiscal year, as made by

the auditors herein provided, shall be filed with the board of school directors, and entered on the minutes of the board by the secretary thereof." Section 2625 also provided that, "in every school district of the fourth class in this Commonwealth, the proper auditors, herein provided to audit the finances of the school district, shall meet annually with the board of school directors, on the first Monday of July, at the time of organization, or within five days thereafter, and carefully audit and adjust the financial accounts of the school district for the preceding school year. At the completion of the audit they shall make a careful statement, in duplicate, of the finances of the district for the preceding year, setting forth the assets and liabilities, and an itemized statement of all receipts, expenditures, and credits whatsoever, of all school officials, and including therein any sums that have been charged against any person or persons,—one copy of which annual statement shall be filed by such auditors with the secretary of the board of school directors, and one in the court of quarter sessions, and a summary thereof, including the assets and liabilities of the school district, shall be published in a newspaper having general circulation in the district, once a week for three successive weeks, beginning the first week after filing the same, or be promptly posted, by not less than six copies, in as many places in the district."

It appears that Arthur A. Grebinger was duly elected school tax collector for the Township of Manor for the term beginning July 1, 1921. He gave bond, in the sum of $30,000, with the American Surety Company as his surety, and he thereupon entered upon his duties as school tax collector, received the tax duplicate, and proceeded to collect the school taxes of the said township. He died on December 22, 1921, and letters of administration on his estate were granted to Ida M. Grebinger, his widow, on January 10, 1922. Subsequently, these letters were revoked, and on June 9, 1922, letters of administration were granted to John W. Witmer.

84, (1925).]          Statement of Facts.

The auditors of the township were Martin K. Strebig, Henry F. Binkley and F. S. Eshleman. They met on July 3, 1922, and proceeded to audit the accounts of the tax collector for the preceding year. John W. Witmer, the administrator of the estate of the said Arthur A. Grebinger, was present at the meeting. He brought there his books as administrator, but he did not produce the tax duplicate nor Grebinger's books.

On the minute book of the township auditors, the following entry was made:

"Millersville, Pa., July 3, 1922.

"Tax collector's report for school taxes for the year 1921-1922:

Amount of duplicate of 1921-22 ...........$27,353.70
Penalty of 5% on taxes not paid Oct. 1, 1921..     491.03
                                              _____
                                              $27,844.73
Amount paid to Oct. 1, 1921......$17,532.97
Amount paid after Oct. 1, 1921...   3,722.85
Exonerations .................     130.67
Balance due school dist. .........   6,458.24
                                     _____ $27,844.73

"We, the undersigned auditors, hereby find and adjudicate that there is a balance of $6,458.24 due the Manor Township School District, which is not accounted for by the estate of A. A. Grebinger, and we charge the estate of A. A. Grebinger with the said amount of $6,458.24 as balance due on duplicate of 1921-1922 school tax."

In the report on file in the office of the court of quarter sessions, the last paragraph in the above minutes was not included. A blank form of report was sent by the state department of education, and this was used. The report as published by hand bills and posted in the township was somewhat different in form, but not in amount, from that filed in the office of the court of quarter sessions.

Prior to the date of the above minute, the following entry appeared on the minutes of the board of school directors:

"Millersville, Pa., Feb. 4, '22.

"The Manor School Board met in regular session at 12:30 p. m., in the High School office, with C. K. Herr, president, in the chair. The other members present were J. N. Lindeman, A. S. Brubaker, F. F. Brenner and Geo. F. Murry.

"The minutes of the previous meeting were read and approved.

"There being no unfinished business, the board proceeded to new business.

"The first in order was the paying of the teachers' salaries and such other bills as were approved by the board.

"The board was then authorized to borrow more money, $1,700 from Millersville Bank and $900 from F. F. Brenner, or a total of $2,600, for this month.

"The board authorized Mrs. Grebinger, adm'x, to collect the outstanding school taxes for 1921-22. She gave bond by a bonding company.

"There being no further business, the board adjourned, to meet Mar. 4, 1922.

"F. F. BRENNER, *Sec.*
"C. K. HERR, *Pres.*"

The township auditors again met on December 18, 1922, and made a supplemental report. Added to this report is the following:

"We, the undersigned, the township auditors of the Township of Manor, County of Lancaster, State of Pennsylvania, auditing the finances of the said school district, have carefully audited and adjusted the financial accounts of the said school district for the school year ending July 3, 1922, and we do hereby charge against Arthur Grebinger, now deceased, late collector of school taxes of said school district, his heirs and legal repre-

84, (1925).]          Statement of Facts.

sentatives, the sum of Six Thousand Four Hundred and Fifty-eight and 24/100 ($6,458.24) Dollars."

On February 3, 1923, the auditors presented their petition to this court, asking leave to file the supplemental report or audit made by them on December 18, 1922, and thereupon this rule was granted. The administrator and the surety have filed answers, in which they claim that the auditors having completed their audit on July 25, 1922, having published the same as directed by the act of assembly, and having filed one copy with the secretary of the school district and another with the clerk of quarter sessions, no power remains in them to file a supplemental audit.

It seems to me that this is a mere preliminary and formal matter, preceding the real issues between these parties. If Arthur A. Grebinger, as tax collector, was short in his accounts, then he and his surety ought to be held responsible for the amount of the shortage. A mere technicality should not be permitted to intervene between the school district and the parties responsible for the money due it. If, however, the amount claimed is not due, or if, for any technical reason, his estate and surety are not liable for the amount of the surcharge, such matters can be ascertained upon a trial. If a mere error was made by the auditors, I see no reason why it should not be corrected, and certainly the school district ought not to lose any money that is due to it for such a reason.

I am, therefore, of the opinion that this rule should be made absolute, and that the auditors should be permitted to file the audit of December 18, 1922, giving due notice to all the parties concerned.

Township auditors have certain duties imposed upon them to be performed at certain times, but if they fail to strictly carry out the directions of the act of assembly in this regard, that does not prevent the collection of any amounts properly due to the school district.

Rule made absolute.

John W. Witmer, administrator d. b. n. of Arthur A. Grebinger, deceased, appealed.

*Paul A. Mueller,* and with him *Harvey B. Lutz* and *John M. Groff,* for appellant.

*Benj. C. Atlee,* and with him *Harnish & Harnish,* for appellee.

OPINION BY GAWTHROP, J., February 27, 1925:

Little need be said in sustaining the order of Judge LANDIS, whose opinion will appear in the report of the case. The township auditors were required by law to audit, at a certain time, the finances of the school district including the accounts of the collector of school taxes, and to make a statement in duplicate, setting forth any sum which they charged against that officer. It was their further duty to file one copy of their report and audit with the secretary of the board of school directors and one in the court of quarter sessions. It is clear from the testimony and the minute book of the auditors that they did audit the accounts of the collector of school taxes, but the further duty of including in the report filed in the court of quarter sessions a statement of the result of the audit of that officer's accounts they failed to perform. The filing in that court of a report of the audit of the tax collector's accounts is a necessary step in fixing the liability of that officer. Until that is done a proceeding against his estate or his surety would be premature and unauthorized. While the School Code contemplates that the auditors shall file in the court of quarter sessions a single report which shall include a statement of the result of the audit of the tax collector's accounts and the amount due, if any, by that officer to the school district, in our opinion the filing of a report of the audit of the accounts of the school board and the officers of the school district, exclusive of the tax collector, was not conclusive against the school district or.

any taxpayer thereof as to the liability of the tax collector. The case is clearly distinguishable from the line of cases, of which Westmoreland County v. Fisher, 172 Pa. 317, is a sample, holding that the decision of the tribunal created by law for the settlement of the accounts of public officers is final and conclusive and cannot be opened for the correction of errors or again inquired into by the auditors or the court. The learned counsel for the appellant, in their statement of the question involved, assume the fact that the auditors had "filed a complete audit of the tax collector's accounts." Unfortunately for them this is incorrect. If the report filed had contained a statement of the audit of the tax collector's accounts and made a charge against him, the rights of all parties would have been fixed at the end of thirty days from the filing of the report. But here the auditors have never settled the accounts of the tax collector. There is no settlement of his accounts until a report of the audit of his account is filed. If the auditors, whether by mistake or by design, had failed to audit the accounts of the tax collector and, as a consequence thereof, their report filed in the court of quarter sessions contained no statement of that officer's accounts, on what principle of law could it be said that there had been a settlement of the accounts of the tax collector which was conclusive against the school district and the taxpayers thereof. Such a failure on the part of the auditors to perform their duty cannot result in relieving a tax collector from paying to the school district the balance with which he is chargeable. The provision in the statute prescribing the time when the auditors shall audit the finances of the school district is merely directory. In our opinion these auditors could have been compelled in a mandamus proceeding to perform their duty and file a report of their audit of the tax collector's accounts at a later date. When in the circumstances here there had been an audit of the tax collector's accounts, but, apparently inadvertently, no report thereof

was filed in the court of quarter sessions and the auditors asked the permission of the court to supplement their report by filing a statement of their audit of that officer's accounts, it would have been error to refuse to grant permission to do so.

The assignments of error are overruled, and the decree is affirmed.