## In re Washington Township Auditors' Report

*John R. Jackson*, for petitioner; *James A. Strite*, contra.

DAVISON, P. J., July 16, 1932.—By the Act of April 5, 1927, P. L. 111, Sec. 4, section 2625 of the School Code of May 18, 1911, is amended to read as follows: "In every school district of the fourth class in this Commonwealth, the proper auditors, herein provided to audit the finances of the school district, shall meet annually with the board of school directors, on the first Monday of July, at the time of organization, or within five days thereafter, and within thirty days carefully audit and adjust the financial accounts of the school district for the preceding school year: Provided, That the meeting of the auditors with the board of school directors shall not be held on the fourth of July. At the completion of the audit they shall make a careful statement, in duplicate, of the finances of the district for the preceding year, setting forth the assets and liabilities, and an itemized statement of all receipts, expenditures, and credits, whatsoever, of all school officials, and including therein any sums that have been charged against any person or persons,—one copy of which annual state-

ment shall be filed by such auditors with the secretary of the board of school directors, and one in the court of quarter sessions, and a summary thereof, including the assets and liabilities of the school district, shall be published in a newspaper having general circulation in the district, once a week for three successive weeks, beginning the first week after filing the same, or be promptly posted, by not less than six copies, in as many places in the district."

In the matter now before us, two of the township auditors of the Township of Washington, said township auditors being the proper auditors to audit the finances of said township, and said petitioners, together with N. C. Shatzer, having constituted the Board of Auditors of Washington Township in July, 1927, and now constituting the majority of said board of auditors, have filed their petition in which they aver that they did audit the books and accounts of the School District of Washington Township on July 6, 1927, for the year ending at that time, and filed said report on that date with the board of school directors of said township and caused a summary to be published in the Waynesboro Record Herald, a newspaper published in Waynesboro, Pa., but that said auditors did not file a copy of said report in the Court of Quarter Sessions of Franklin County at that time, nor has such report ever been so filed; that said report as made out on the blank furnished by the Department of Public Instruction of Pennsylvania did not provide a space for the insertion of the taxes due said school district from the tax collector of said township for the different years for which taxes were due, and said report did not show the taxes due from the tax collector on each school tax duplicate remaining unsettled in the hands of said collector. Said petition further sets forth that at a meeting of the Board of School Directors of Washington Township, duly called and held on December 31, 1931, said auditors again met with said board and again audited said books, and especially the accounts of David E. Kauffman, tax collector, and made out a supplement and addition to said auditors' report as filed with said school board on July 6, 1927. They, therefore, pray that said report of the auditors so filed with the School Board of Washington Township July 6, 1927, and the supplement and addition thereto, may be now filed in the Court of Quarter Sessions of Franklin County.

On this petition a rule was granted on David E. Kauffman, tax collector, and the National Surety Company, surety, to show cause why said report of the auditors and the supplement and addition thereto should not be filed in the Court of Quarter Sessions of Franklin County as prayed for.

To this rule no answer was filed by said David E. Kauffman, the tax collector, but an answer was filed by the said National Surety Company, the surety, in and by which the right of said auditors to file said report at this time, or to make another audit and file a supplement and addition to the former report filed with the school board, is denied.

Argument was made before this court by able counsel on both sides, and we now have the question before us for decision.

We find from an examination of the original report of the auditors filed with the school board immediately on the completion of the audit on July 6, 1927, an item, "taxes, etc., due, $19,375.82," in the blank form for resources of the school district. As is said in the petition in this matter, this form is the one furnished by the state school authorities for use of local auditors, and it contains no blanks for insertion of taxes due the school district from a tax collector for different years, and the auditors did not show this in their report; neither did they separate the taxes by years and show a detailed report of the taxes due from the tax collector for each year, nor did they charge the said tax collector with the balance due for that year as required by law. The fact that the blanks furnished the auditors for their report did not contain spaces for all the items

required by law does not excuse them from filing a complete report, one containing everything required by law, but it, at least, was misleading and shows, to some extent, why all the information required by the act of assembly was not contained in that report.

When we examine what is termed a "supplement and addition" to that report, we find that it consists solely of a division of the same figures so as to comply with the requirements of the law in the matters originally omitted. It shows the figures for the amount of the duplicate for 1926, $38,629.03, shows the deductions and payments thereon, and shows a balance due on it of $11,949.78. It further shows the taxes due for 1923, $952.38; for 1924, $4770.99; for 1925, $1702.67; and for 1926, $11,949.78, which total $19,375.82, being the same amount set forth in the original report under the head of resources of "taxes, etc., due."

It is apparent that the audit held on December 31, 1931, was not a reaudit or a new audit, but a reëxamination of the books and account of the school district by the auditors to determine those things they had omitted in their original audit, so that their report might be completed as required by law. The law does not contemplate that the township auditors may from time to time go back and reaudit the books and accounts of a school district, but it does require that they audit those books and accounts so as to secure the proper information to make out the report required by law, and if auditors find that they have not secured all the data necessary for them to have so as to make a complete report, they may again go over such books and accounts in order to secure that which they require. They have no power to make a second audit after their work is completed, but they are required to include certain data in their report, and they have a right to make such examination as may be required to secure it.

This was what the auditors of Washington Township evidently did in the so-called audit made December 31, 1931. If they found it necessary in their opinion to reaudit these books and accounts in order to secure the information required to complete their report, no one can quarrel with that any more than if they could have secured the information in a shorter way. They went over the records and secured from them such facts as enabled them to show the amount due on the 1926 duplicate, the one they were auditing, the amounts due on the duplicates for four years making up the assets charged in their report, stated separately, and to charge the tax collector with the amount due on this duplicate. All of these data are required in the report of the auditors and should have appeared in the original report filed but, not being contained therein and not having been ascertained by the auditors in their examination of the books and accounts in July, 1927, it was not beyond their power to examine the books again and secure that which was needed to make out a complete report, and, after thus securing the proper figures, to supplement the report they had already made by an addition to it.

This is what is being done in the present case, and we think properly so, and the report as originally made, together with the supplement and addition thereto, can properly be considered as the completed report of said auditors for the year 1926 and filed with the school board as such.

The said township auditors also failed to file their report for the year 1926, as made by them July 6, 1927, in the Court of Quarter Sessions of Franklin County, and now ask that said report as completed, that is, the original report and the supplement and addition thereto, be now filed as required by law. We can see no reason why this should not be permitted. We are not now passing on the question of the result of such filing on the liability of any parties affected thereby. If there are such questions arising technically, they must be met at a proper time. We are of the opinion that under the law as laid down in the case

In re Manor Township School District, 85 Pa. Superior Ct. 84, we cannot do less than permit such a filing, requiring all the notices, advertisements and posting provided for in the act of assembly applying to filing of said reports.

In the Manor Township case, Judge Landis, speaking of the objections to filing a supplemental report, said in his opinion, which was referred to with approval in the opinion of the Superior Court:

"It seems to me that this is a mere preliminary and formal matter, preceding the real issues between these parties. If Arthur A. Grebinger, as tax collector, was short in his accounts, then he and his surety ought to be held responsible for the amount of the shortage. A mere technicality should not be permitted to intervene between the school district and the parties responsible for the money due it. If, however, the amount claimed is not due, or if, for any technical reason, his estate and surety are not liable for the amount of the surcharge, such matters can be ascertained upon a trial. If a mere error was made by the auditors, I see no reason why it should not be corrected, and certainly the school district ought not to lose any money that is due to it for such a reason."

In said opinion the learned judge also said:

"Township auditors have certain duties imposed upon them to be performed at certain times, but if they fail to strictly carry out the directions of the act of assembly in this regard, that does not prevent the collection of any amounts properly due to the school district."

This opinion of Judge Landis applies exactly to the situation in the instant case. If D. E. Kauffman, the tax collector, is short in his accounts with the Washington Township School District, he or his surety ought to pay that shortage, when properly ascertained, unless for some technical reason one or both of them should not be held liable in law, and this can be ascertained upon a trial of the case. The auditors only failed to carry out their duties at the time they should have performed them, and that is no reason why they should not be permitted to fully complete their work now. The opinion of Judge Gawthrop in said Manor Township School District case is a short one and so clear and convincing that we quote it as authority for the position we take in this case. He says:

"Little need be said in sustaining the order of Judge Landis, whose opinion will appear in the report of the case. The township auditors were required by law to audit, at a certain time, the finances of the school district including the accounts of the collector of school taxes, and to make a statement in duplicate, setting forth any sum which they charged against that officer. It was their further duty to file one copy of their report and audit with the secretary of the board of school directors and one in the court of quarter sessions. It is clear from the testimony and the minute book of the auditors that they did audit the accounts of the collector of school taxes, but the further duty of including in the report filed in the court of quarter sessions a statement of the result of the audit of that officer's accounts they failed to perform. The filing in that court of a report of the audit of the tax collector's accounts is a necessary step in fixing the liability of that officer. Until that is done a proceeding against his estate or his surety would be premature and unauthorized. While the School Code contemplates that the auditors shall file in the court of quarter sessions a single report which shall include a statement of the result of the audit of the tax collector's accounts and the amount due, if any, by that officer to the school district, in our opinion the filing of a report of the audit of the accounts of the school board and the officers of the school district, exclusive of the tax collector, was not conclusive against the school district or any taxpayer thereof as to the liability of the tax collector. The case is clearly distinguishable from the line of cases, of which Westmoreland County v. Fisher, 172 Pa. 317, is a sample, hold-

ing that the decision of the tribunal created by law for the settlement of the accounts of public officers is final and conclusive and cannot be opened for the correction of errors or again inquired into by the auditors or the court. The learned counsel for the appellant, in their statement of the question involved, assume the fact that the auditors had 'filed a complete audit of the tax collector's accounts.' Unfortunately for them this is incorrect. If the report filed had contained a statement of the audit of the tax collector's accounts and made a charge against him, the rights of all parties would have been fixed at the end of thirty days from the filing of the report. But here the auditors have never settled the accounts of the tax collector. There is no settlement of his accounts until a report of the audit of his account is filed. If the auditors, whether by mistake or by design, had failed to audit the accounts of the tax collector and, as a consequence thereof, their report filed in the court of quarter sessions contained no statement of that officer's accounts, on what principle of law could it be said that there had been a settlement of the accounts of the tax collector which was conclusive against the school district and the taxpayers thereof. Such a failure on the part of the auditors to perform their duty cannot result in relieving a tax collector from paying to the school district the balance with which he is chargeable. The provision in the statute prescribing the time when the auditors shall audit the finances of the school district is merely directory. In our opinion these auditors could have been compelled in a mandamus proceeding to perform their duty and file a report of their audit of the tax collector's accounts at a later date. When in the circumstances here there had been an audit of the tax collector's accounts, but, apparently inadvertently, no report thereof was filed in the court of quarter sessions and the auditors asked the permission of the court to supplement their report by filing a statement of their audit of that officer's accounts, it would have been error to refuse to grant permission to do so."

An effort has been made on the part of the surety company in the present case to distinguish the case before us from the Manor Township case, but while the facts are not exactly the same, the principle of law applicable is the same and the facts are so much alike that to notice a difference takes a highly technical mind looking for obscure differences. The fact that the auditors had filed an account of the tax collector with the school board in the Manor Township case and had not done so in the present case is not at all controlling. As we have said, they had a right to make a reëxamination so as to secure facts needed to complete their report as required by law, and, hence, had a right to include those facts in a supplement or addition to their report as if they had been ascertained on the original audit.

We are of the opinion that the rule in this matter should be made absolute and the petitioners permitted to file their report as amended and supplemented with the School Board of Washington Township, and in the Court of Quarter Sessions of Franklin County, but that said filing should be construed and considered as an original filing and all notices required by law to any person on such original filing, all advertising or posting of notices and all the requirements of law, on the filing of the report of auditors in matters pertaining to school districts and tax collectors of school taxes, should be complied with as on the filing of reports of township auditors.

Now, therefore, July 16, 1932, the rule granted in this matter January 2, 1932, is hereby made absolute, and the Township Auditors of the Township of Washington in said County of Franklin are hereby authorized to file the report of said auditors filed with the School Board of Washington Township July 6, 1927, together with the supplement and addition thereto, as the report of said auditors applying to the tax duplicate of Washington Township School District,

for the year 1926, with the said school board, and also to file the same in the Court of Quarter Sessions of Franklin County, Pa. All notices, advertisements, posting or other things required by law on the filing of such auditors' report to be fully complied with on the filing of this report.

From Albert Strite, Chambersburg, Pa.