## Amity Township School District Auditors' Report

*Stevens & Lee*, for rule.

*George Eves*, contra.

SHANAMAN, J., April 9, 1935.—To the auditors' report of the Amity Township School District, filed August 11, 1932, exceptions were taken involving the failure of the auditors to surcharge the directors. It is alleged that the directors voted to approve payments in excess of $55,000, on a newly-built school building, although the said sum of $55,000 was the amount which the electors had voted upon in an election for or against increasing the public debt in the sum of $55,000 for such building.

The auditors made no surcharge, and appended to their report the following statement:

"We auditors do not accept responsibility as to legality for total money expended on new building project in excess of $55,000."

The court held that the case was not ripe for consideration, and directed that the auditors should be permitted to file a supplementary audit for the purpose of determining the surcharges, if any.

The exceptants then petitioned for and obtained a rule upon the auditors to show cause why they should not file a supplemental audit. To this petition and rule, two of the auditors filed an answer in the nature of a demurrer.

It is contended for the auditors that their audit was complete and that the case is ripe for the court to determine the question of surcharge on the exceptions originally filed. It is urged that the disclaimer of responsibility, which the auditors embraced in their report, is tantamount to their having imposed no surcharge. If they had simply imposed no surcharge without more, it would then appear that they had performed their duty. Omnia praesumuntur rite esse acta. We should then be in a position, sitting in an appellate capacity, to pass upon and determine any alleged errors. But their disclaimer alters the situation. As stated in our former opinion:

"If that disclaimer means anything, it means that the auditors recognized the existence of a question or dispute and of circumstances casting a possible duty upon them to surcharge some or all of the directors. It means also that they inform the public that they refuse to consider and determine that question and have made only a partial audit. This is an avoidance of duty upon their part on account of which we must resubmit their audit to them for a supplementary report."

The petition and answer now before us present nothing to change our former opinion. We then held, and now hold, that the auditors must perform their full duty

and make a complete audit. This they have not done, as appears from their own disclaimer made by them a part of their report. It is their duty to file a supplemental report. As parties to the rule taken upon them, they have notice of our opinion.

We have not, however, been shown any authority holding that a court of common pleas can, on a rule to show cause, command a public official to perform his official duty. A rule to show cause why the officer should not perform his duty is not the ordinary remedy open to an aggrieved citizen: See In re Manor Township School District, 85 Pa. Superior Ct. 84, 91, wherein mandamus is suggested as the appropriate writ. Instances where mandamus was held to lie in similar or analogous cases, to compel an auditing officer or board to proceed with its duty and audit and consider a claim, may be found in 38 C. J. 670, 672, 714, 715, 765, 766. On the other hand, a rule to show cause is ordinarily confined to incidental matters in the progress of a litigation.

". . . the general rule is that a motion is appropriate only in the absence of a remedy by regular pleadings, and cannot be used in lieu of a suit for enforcing a distinct legal right": 42 C. J. 469.

And now, to wit, April 9, 1935, rule discharged.