## Hickory Township School District v. Kerr, Executrix, et al.

*Leo H. McKay,* for plaintiff.

*J. W. McWilliams,* for defendant.

McLAUGHRY, P. J., April 15, 1935.—This comes before the court on a motion for judgment for want of sufficient affidavit of defense. The statement of claim sets forth that in 1931 Lyman Kerr was the collector of school taxes for Hickory Township; that on June 1, 1932, he failed to account for and pay over to the treasurer the amount contained in the duplicate, less exonerations, and such amount certified by him to the secretary of the school board as being assessed and levied upon real estate in the Township of Hickory upon which there was no personal property out of which such taxes might have been collected, and less such taxes as should be duly filed or otherwise legally accounted for. But there remained a balance due from him to the school district, not accounted for, of $1200.63. It is alleged that the auditors of Hickory Township audited the books of the collector and found a balance in the 1931 duplicate not legally accounted for of $1200.63, and charged the same against him in their report, as follows:

"Uncolled (uncollected) 1931 tax charge to collector $1200.63," and filed a report in the office of the Clerk of Quarter Sessions Court of Mercer County on September 23, 1932. No appeal was taken from the auditors' report.

On October 30, 1933, Lyman Kerr died, and the school district brought an action in assumpsit against Estella M. Kerr, his executrix, to preserve the lien of the claim against his real estate in accordance with the Fiduciaries Act of June 7, 1917, P. L. 447.

After the auditors had determined the amount due, there was a payment made as set forth in the statement

of claim, reducing the amount alleged to be owing the plaintiff to $741.48. In the affidavit of defense the defendant does not deny any of these facts. It is admitted that the amount unpaid and accounted for as of June 1, 1932, was $1200.63, and that it has been subsequently reduced by payments to $741.48. It is set forth as a defense that the statement in the auditors' report as quoted above does not constitute a valid charge and a settlement of the tax collector's accounts. It is alleged that this is not sufficient, inasmuch as it does not name the person against whom the surcharge is made. We are unable to see that there is any merit in this position. It is not disputed but that Lyman Kerr was the tax collector and no one else could be charged as collector and there is no denial in the affidavit of defense that the regular constituted auditors of the township audited the tax collector's account, and there is no allegation that the work of the auditors is incorrect.

Another defense set forth is that Lyman Kerr, the collector, did not have notice of the surcharge or the filing of the report until after the time for appeal had expired. The Act of May 18, 1911, P. L. 309, sec. 2614, reads as follows:

"In all school districts of second, third, and fourth class, when any sum is charged against any person, such person shall be notified by the auditors, at or before the time of filing their report, by mail or otherwise, of such fact, setting forth the amount charged against him."

It is alleged by counsel for the defendant that this raises such a defense as would preclude judgment for want of sufficient affidavit of defense. It is true that this position is correct, provided it would be such a defense in case such notice had been given to justify a verdict for the defendant. We think, however, in the face of all of the other admissions in the affidavit of defense, that this would not justify a verdict for the defendant. In all school districts of the class to which Hickory Township belongs, it is required that the accounts of the tax col-

lectors be audited. The law provides that such audit is necessary before proceedings can be instituted against a collector. It seems that the filing in the court of the auditors' report of the tax collector's account is a necessary step in fixing the liability of the collector. After that an action in assumpsit may be maintained by the school district against the collector, or against his estate. In an action of assumpsit by the school district against the collector the amount fixed in the audit is conclusive. The defense here is that the collector did not have notice of the surcharge in time to take an appeal. What is the purpose of the notice required by section 2614? It is undoubtedly to give the person surcharged ample time to appeal from the decision of the auditors. It would naturally follow that if a tax collector was surcharged by the auditors and no notice was given, as required, then after the time to appeal had elapsed upon petition the auditors' report in the record could be set aside. We have, however, a different situation here. The failure to give notice is brought as a defense in an action of assumpsit. When it is admitted in the affidavit of defense that the surcharge is correct and there was an admission that part of same had been paid, and there is no allegation in the affidavit of defense that the balance claimed by the school district of Hickory Township is incorrect, the question is whether the collector, or his estate, owes the school district the balance of his duplicate, and that is not denied. We are of the opinion that failure to give notice by the auditors at the time the auditors' report was filed would not be a legal defense when it is not claimed that the amount set forth in the auditors' report, and also in the statement of claim, is not a correct statement of the balance due. As stated by the Superior Court in In re Manor Township School District, 85 Pa. Superior Ct. 84, 91:

"Such a failure on the part of the auditors to perform their duty cannot result in relieving a tax collector from paying to the school district the balance with which he is chargeable."

We are of the opinion that the affidavit of defense does not set forth any legal defense, and that the plaintiff is entitled to judgment for want of sufficient affidavit of defense.

## Order

And now, April 11, 1935, this matter came on to be heard and was argued by counsel; whereupon, after due consideration, it is ordered that judgment be entered for the plaintiff and against the defendant for the sum of $741.48, together with interest from July 2, 1934.