## Senor, Appellant, *v.* Dunbar Township School District.

Argued March 15, 1932. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Linn V. Phillips,* for appellant.

*R. S. Matthews,* of *Higbee, Matthews & Llewellyn,* for
appellee.

OPINION BY MR. JUSTICE LINN, April 11, 1932:

The appellant, who had been tax collector of Dunbar
Township, brought assumpsit against the school district
of the township,—a school district of the third class,—
to recover overpayments by him as tax collector, alleged

to have been made under mistake of fact, and for commissions and expenses alleged to be due him. Defendant filed an affidavit of defense admitting some of the items claimed by the plaintiff, and averring set-off and counterclaim. The case was tried without a jury pursuant to the Act of April 22, 1874, P. L. 109, and resulted in judgment for the defendant against the plaintiff for $5,-508.16; he has appealed.

The record shows that plaintiff's father had been tax collector for some years, and held that office at the time of his death, March 24, 1921; that he had not then completed collecting and accounting for the duplicate for the fiscal year expiring June 30, 1921; that prior to June 1, 1921, plaintiff was appointed tax collector to succeed his father, and began performing the duties of the office; that he subsequently became collector for the fiscal years 1921-2, 1922-3 and 1923-4. The suit involves the performance of the duties of his office for the period beginning with his appointment to succeed his father and ending June 30, 1924.

The record does not show whether the accounts of the tax collector and of the school district were audited as required by statute. Such audit is required by article XXVI of the School Code (May 18, 1911, P. L. 425) and supplementary legislation. See 2601 and following sections; Act of June 29, 1923, P. L. 949; Hanover Twp. School District Audit, 265 Pa. 157; Chester School District Audit, 301 Pa. 203; Manor Twp. School District, 85 Pa. Superior Ct. 84; Com. ex rel. v. Tice, 282 Pa. 595; In re School District of Mauch Chunk, 75 Pa. Superior Ct. 434.

By vesting in such auditors jurisdiction of the character conferred "......a special tribunal has been erected with all necessary judicial powers to determine the indebtedness from or to the officer, and enforce collection in due course of law;—and this, under the provisions of the 13th section of the Act of March 21, 1806, precludes a resort to an action at common law. The de-

cision of this tribunal is also conclusive, and cannot be inquired into, either by the same tribunal at another time, or by a court of law, except in the manner provided, upon an appeal by the county or the officer. A long line of decisions has set this point at rest": Blackmore v. County of Allegheny, 51 Pa. 160, 163. In addition to the cases cited in that opinion, see Godshalk v. Northampton Co., 71 Pa. 324, arising on appeal by a sheriff from auditors' report charging him with overpayment made by the county commissioners; Shartzer v. School District, 90 Pa. 192, a suit by a school district on its treasurer's bond to recover a balance found against him by borough auditors; Swatara Twp. School District's App., 1 Pa. Superior Ct. 502, in which it was held that suit on a tax collector's bond would not lie until after audit by the township auditors to ascertain what amount, if any, was due. In Com. ex rel. v. Gruver, 13 Pa. Superior Ct. 553, a suit on a tax collector's bond, it was said: "The township auditors' settlement of the tax collector's accounts was but one step in fixing the liability of the collector; nevertheless, by not taking an appeal from their decisions to the court of common pleas, as provided by law, he elected to make that step a final one and be bound by it. We cannot review that settlement now." See also Com. ex rel. v. Scanlon, 202 Pa. 250; Jones v. Sharon Boro., 238 Pa. 35, and Maurer v. Brennan, 58 Pa. Superior Ct. 587.

While no objection on this ground was made in the court below, or in the briefs filed in this court, the matter is fundamental and must be noticed here. It is important that the statutory procedure be followed because it not only affords opportunity for hearing on the part of the tax collector and on the part of the school board and any member of it, but it also provides for review on the appeal of a taxpayer (cf. Mauch Chunk School District, supra), an element not to be eliminated from consideration, as it might be if parties were able

to substitute a common law action for that provided by statute.

If the accounts of the tax collector and of the school board have not been audited as required by law, this suit is premature; if they were audited, the conclusions reached are final, and this action, in apparent disregard of the results of the audit, will not lie.

Judgment reversed.