Skelton, Appellant, v. Lower Merion Township.

Argued January 22, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Theodore Lane Bean,* for appellant.

*Franklin L. Wright,* with him *Cuthbert H. Latta, Jr.,* and *James M. Brittain,* for appellee.

OPINION BY MR. JUSTICE KEPHART, March 25, 1935:

Appellant, treasurer and tax collector, brought an action in assumpsit against appellee, a municipal corporation, to recover commissions on moneys received and collected by him. Appellee unsuccessfully challenged the jurisdiction of the court below over the cause of action under the Act of March 5, 1925, P. L. 23: see Skelton v. Lower Merion Twp., 298 Pa. 471. It was there argued that the appellant's remedy was under the act relating to first-class townships before the board of auditors.

In holding against appellee's contention it was there stated that the cause of action was, "that which creates the necessity for bringing the action." The cause was the township's refusal to pay commissions that appellant claims he earned. The original statement mentioned nothing as to how his commissions were arrived

at other than setting forth the various amounts collected and the commissions due thereon. It omitted mentioning all the intervening steps relating to the sum claimed, whether by contract or a statute, by which the sum was arrived at, and it did not satisfactorily account for their omission.

There may be circumstances under which an action of assumpsit may be the proper remedy not only to enforce payment of commissions earned but to determine the amount thereof: see McNulty v. Throop Boro. School Dist., 299 Pa. 465. As the original statement then stood appellee would have been forced to prove or plead the intermediate steps as a bar to appellant's action. When the record was returned appellee, acting on our suggestion, filed an affidavit of defense raising questions of law under section 20 of the Practice Act of May 14, 1915, P. L. 483, 486, for judgment on the record as then presented. This was denied by the court below. Later appellant filed an amended statement in which he brought on the record all of the proceedings before the township auditors which showed on their face appellant was not awarded any commission now sued for. Following the presumption attached to such proceeding they had been disallowed. Appellant made no averments in his pleadings which would counteract the effect of the auditors' reports. The amended statement not only showed that the auditors' reports had been filed with the clerk of the court of quarter sessions, but the amounts and description of the various funds on which commissions were claimed were revised therein so as to conform to the auditors' reports. Appellee then renewed its affidavit setting up the legal defense that the statutory remedy had not been followed. The court below with the record in this shape could determine from the pleadings whether appellant was entitled to recover in the pending action; it did so determine the question against the tax collector and this appeal followed.

When the amended statement was filed it virtually withdrew the first statement, unless the amended statement merely added an additional cause of action: Atherton v. Clearview Coal Co., 267 Pa. 425. When the court below overruled the appellee's first affidavit setting up a legal defense in the nature of a demurrer it was not a bar to further proceeding on the amended statement as filed nor was the action of that court a final judgment. The legal defense arising from the facts averred either in the amended statement or the affidavit has not been finally adjudicated adversely to appellee: Com. v. Moran, 251 Pa. 477.

The principal question before us is, must a tax collector or a township treasurer submit to township auditors his claim for commissions when his accounts are being audited, and is the action of the township auditors conclusive on him unless appealed under the act?

Section 271 of the General Township Act of July 14, 1917, P. L. 840, governing this class of township provides that a township treasurer, and ex officio tax collector, shall receive as compensation a commission of five per cent of the township taxes received or collected by him, and one per cent on all other moneys received or collected unless a different rate be fixed by ordinance. Prior to appellant's election the township, being one of the first class, had fixed the rate for township taxes and sewer rates at one per cent, but did not fix the rate for other township moneys different from that prescribed by the Act of 1917. The act governs the financial affairs of township officers, tax collectors, treasurers, and the like. Section 272 of that act requires the township treasurer annually to state his accounts and place the same with his books and vouchers before the township auditors for settlement. They are required to "settle and adjust the accounts" (section 325), and for that purpose may issue subpœnas to obtain attendance of officials and others interested or compel the production of books and may issue an attachment for that purpose. They have power to

administer oaths to all persons appearing as witnesses and to direct the sheriff to serve their processes (section 326). Their report is filed with the clerk of the court of quarter sessions (section 327) from which any taxpayer or person interested may appeal to the court of common pleas (section 332).

The purpose of the legislature in compelling such accounting was to provide a simple, speedy and effective method for adjusting the fiscal matters of a municipality. The officer whose account is audited must settle and adjust his accounts as required by law. This settlement includes an accounting not only of all moneys received and collected by him but all credits against the funds collected and received must be submitted. These credits would include vouchers evidencing moneys paid out as well as any expenses connected with the receipt of or paying out of such moneys. It includes a computation of the commissions at the rate fixed. Though this rate is fixed by statute the amount due must be determined by the auditors, who in arriving at that amount may set off any claim which the municipality may have against the tax collector. It is the duty of the township auditors to determine how much money is due the collector. The legislature has created this special tribunal giving it all the judicial powers necessary to determine the indebtedness from or to the officer. The decision of this tribunal is conclusive, and cannot again be inquired into either by the same tribunal at another time or by a court of law except in the manner provided by statute. The 13th section of the Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, expressly governs a situation such as this.

Appellant strongly urges that commissions were not within the scope of the township auditors' duties. It would be rather anomalous that a township officer might be found to owe the municipality for tax moneys collected and settled in that proceeding, and his commission could not be taken into account in adjusting or settling that indebtedness. We have decided otherwise on similar

questions. In Harris v. Luzerne Co., 11 W. N. C. 462, a county official brought a common law action to recover his salary against the county. It was held that the common pleas court had no original jurisdiction of a claim of that character. To the same effect is Schuylkill v. Boyer, 125 Pa. 226, where the sheriff brought an action to recover his fees. We there said at page 231, "it is the right and duty of the officer to have his accounts examined and passed upon by the county auditors, and if he is not satisfied with their decision he could appeal from their report to the court of common pleas." The common law remedy was denied. A host of decisions show conclusively that not only salaries, but fees or commissions are required to be submitted to township auditors for adjustment, and while they cannot change the legal rate, they can determine the amount due, if any: see Brown v. White Deer Twp., 27 Pa. 109; Northampton Co. v. Herman, 119 Pa. 373; Huntington Co. v. Spyker's Exrx., 274 Pa. 570; Cogan v. Bedford Co., 49 Pa. Superior Ct. 262; Guyer v. Bedford Co., 49 Pa. Superior Ct. 60. In Senor v. Dunbar Twp. School Dist., 307 Pa. 190, this court laid stress on the fact that taxpayers are vitally interested in these matters and it is only through a proceeding before auditors that they can be heard and the reports attacked. Appellant's procedure at common law would preclude them from contesting the validity or the amount of commissions allowed by the auditors.

Appellant contends here that he received no notice of the various audits. This could be answered by holding that it was his duty under the law to see that his accounts were audited. He cannot plead such ignorance when the obligation rested on him to act. Appellant does not aver in his amended statement that he had no notice, and even if such notice were not given and the auditors acted in a capricious or arbitrary manner, his remedy would be in the courts having control of such matters to have the report reopened or conduct such other proceeding as would adequately preserve his rights.

Auditors or like officials cannot act in an arbitrary manner disregarding the rights of the officer whose accounts are audited by not affording him opportunity to present every claim that he may have. If a report is filed which is prejudiced, biased or unfair, the remedy is pointed out by the statute for the officer to secure proper redress. The same act makes it mandatory for the taxpayer to proceed if he is dissatisfied with the report: see Senor v. Dunbar Twp. School Dist., supra; further discussion is unnecessary.

The auditors have passed upon the accounts of appellant during the years for which he seeks to recover additional commissions. Their reports have been filed to show that the auditors have acted and that no appeals were taken from their actions. These reports became final unless appealed from within the period allowed by law. Nor can they be attacked collaterally or reviewed in an action upon a tax collector's bond; evidence tending to show that such reports were erroneous is inadmissible: Com. v. Gruver, 13 Pa. Superior Ct., 553; Short v. Gilson, 107 Pa. 315. The audit of the accounts of municipal officers is under statutory mandate and must be strictly adhered to.

The question of the amounts due from the township to the township treasurer and from the township treasurer to the township have been passed upon, audited and settled by the township auditors. Appellant cannot raise in this present proceeding questions that should have been raised in the proceedings before the auditors.

Judgment affirmed.