Hempfield School District Appeal.

Argued September 26, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Charles C. Crowell,* with him *Howard H. Whitehead* and *Dan V. Crowell,* for appellant.

*C. Ward Eicher,* with him *Eicher & Eicher* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 27, 1944:

Where township auditors' reports for the fiscal years 1936 and 1937 impose a surcharge upon a tax collector and no appeals are taken therefrom by him to the court of common pleas within the time prescribed by statute for the taking of such appeals, may evidence be admitted upon appeal from a 1942 audit to establish unsuccessful efforts to collect unpaid taxes for the years 1936 and 1937, and their uncollectibility? This is an appeal by the School District of Hempfield Township, a second class township, from the decree of the court below which exonerated A. L. Sullenberger, tax collector for the said township, appellee, from any and all liability for the payment of surcharges for the years 1936 and 1937.

The auditors' report of the School District of Hempfield Township, Westmoreland County, for the fiscal

year of 1941-1942 was filed in the office of the Prothonotary of the Court of Common Pleas of said county on December 8, 1942. In this report A. L. Sullenberger, appellee, was charged $8,995.50 for the balance of the 1936 per capita taxes and $18,388.23 for the year 1937. No appeal had been taken from the auditors' reports for those years. On January 5, 1943, appellee took an appeal from the 1942 report to the court of common pleas. At the hearing appellee was permitted, over objection by appellant, to introduce evidence showing the uncollectibility of the taxes for which he was thus charged. This evidence established that many taxables were unemployed during the years 1936 and 1937; that the tax duplicates show per capita taxes due from dead persons, non-residents, non-existent persons, persons whose residence could not be ascertained, and persons without property and against whom recovery could not be had by levy, attachment or otherwise; that appellee used all reasonable means, and great effort, to collect the taxes, but received a very small amount, for which credit was given; that he requested complete exoneration from the School Board but was granted only partial exoneration; and, that although he had made numerous requests for an itemized statement showing the taxables for whom exoneration had been granted, no such statement was given. The court below held that appellee's failure to appeal within 45 days after the auditors' reports for the years 1936 and 1937 were filed did not preclude him from proving the impossibility of collecting taxes for those years and affirmed the decree of the trial judge which struck from the auditors' report of 1942 the items of surcharge totaling $27,383.73 and exonerated Sullenberger from any and all liability for the payment of said sum to the appellant school district. This appeal followed.

Appellant contends that failure to appeal from the 1936-1937 auditors' reports as provided by statute [1] pre-

---

[1] Act of 1911, P. L. 309, as amended by the Act of 1937, P. L. 908, Section 1, 24 P.S. 2253.

cludes appellee from now questioning the propriety of the respective surcharges. Appellee, relying upon the Act of 1915, P. L. 311, 24 P.S. Section 2291, urges that since the present appeal brings before the court, de novo, all items included in the 1942 auditors' report, proof of the uncollectibility of taxes for which surcharge is shown therein was proper and that the court, in its sound discretion, properly exonerated him.

The report of an auditor from which no appeal has been taken is, in the absence of fraud, conclusive, even though erroneous: *Senor v. Dunbar Twp. School Dist.*, 307 Pa. 190, 192. It can be challenged only in the manner provided by statute: *Riehl v. Miller*, 319 Pa. 201, 207; *Skelton v. Lower Merion Township*, 318 Pa. 356, 362; *Senor v. Dunbar Twp. School Dist.*, supra, 192. The Act of 1911, P. L. 309, as amended by the Act of 1937, P. L. 908, section 1, 24 P.S. 2253, provides: ". . . any person or persons against whom any sum has been charged in any report filed by the auditors of any (second class) school district, may appeal from any auditors' report. Such appeal shall be taken to the court of common pleas of the proper county by the Commonwealth within ninety (90) days after said report has been filed in the Department of Public Instruction, and by all other appellants within forty-five (45) days after said report has been filed in the court of common pleas."

The provisions with regard to appeal are definite and unambiguous. Admittedly no appeal was taken from the 1936-1937 reports. The propriety of surcharges therein made cannot now be questioned. The liability thus fixed could have been discharged by payment or subsequent exoneration by the school board. Failure to appeal, as provided by statute, does not conclusively establish a present obligation in an amount equal to the surcharge then made. Exoneration and payment may always be proven: *Jones v. Sharon Borough*, 238 Pa. 35, 40. Appellee, however, does not seek to prove exoneration or payment. He has reopened the audits of 1936-1937 and

by establishing uncollectibility of delinquent taxes has secured exoneration by judicial action. This cannot be done.

The contention that the Act of 1915, P. L. 311, 24 P.S. Section 2291, empowers the court below to enter the decree complained of is without merit. The act provides: "In any proceeding in the court of common pleas upon an appeal from a report of auditors of any school district of the second, third or fourth class, the accounts of the officer or officers in question may be investigated de novo . . ." This statute is effective only if an appeal has properly been made pursuant to the Act of 1911, as amended, supra. The conclusiveness of an audit from which no appeal has been taken is in no manner affected. Had this appeal been taken to secure judicial relief from a surcharge imposed in the 1942 audit, and not one imposed in the 1936-1937 audits, the statement of the court below that by permitting the court to inquire into all matters reported in the audit "all kinds of errors may be rectified, the arbitrary or capricious action of a school board refusing to grant exonerations may be overruled, and grave injustice to the tax collector and in turn to his bondsmen may thus be avoided" might have been proper. It is improper here. Failure to exercise a given right does not preclude the existence of that right. That the right to secure judicial relief from arbitrary and capricious action by a school board exists cannot be denied. It must be exercised, however, and if the time provided for appeal is permitted to lapse without affirmative action having been taken to preserve that right, audits become unappealable and charges imposed upon the tax collector conclusive.

Judgment reversed. The court below is directed to reinstate the surcharges duly made for the years 1936 and 1937 as shown in the 1942 audit. Costs to be paid by appellant.