Baughman, Appellant, v. Hempfield Township.

Argued April 17, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*F. B. Trescher*, with him *Kunkle, Trescher & Snyder,* for, appellant.

*Dan V. Crowell*, with him *Howard H. Whitehead,* Township Solicitor, *Charles C. Crowell* and *Howard M. Whitehead,* for appellee.

OPINION BY DITHRICH, J., July 19, 1946 :

Appellant, F. J. Baughman, was a supervisor and roadmaster for the appellee, a second class township. The wage rates for the office he held for the year 1939 were fixed by the township auditors, from whose report appellant took no appeal. When the rates were subsequently increased, on an appeal to the court of common pleas from the auditors' report for 1938, appellant brought an action of assumpsit to recover an alleged balance of wages due him. The court below entered a compulsory nonsuit, on the ground that plaintiff's exclusive remedy was an appeal from the auditors' report, and this appeal followed. The only question involved is whether assumpsit will lie.

The facts, about which there is no dispute, are substantially as follows. Baughman, Bair and Kemerer were the duly elected supervisors of the defendant township, and acting as a board they elected themselves as roadmasters. Their compensation was fixed in advance by the township auditors in the auditors' report for 1938 at $2.50 per day as supervisors and $3.00 per day as roadmasters. These rates were the minimum allowed by The Second Class Township Law of May 1, 1933, P. L. 103, §515, 53 P. S. §19093-515. The supervisors, contending that the auditors had acted capriciously, took

an appeal from the 1938 auditors' report to the court of common pleas. While this appeal was pending, Bair and Kemerer were paid during 1939 at the rates of $4.00 per day as supervisors and $5.00 per day as roadmasters, but Baughman was paid at the minimum rates. Baughman's accounts were approved by the auditors at the end of the fiscal year 1939, and he took no appeal from the 1939 audit. On February 20, 1942, the appeal from the auditors' report for 1938 was sustained in a judgment of the court of common pleas, fixing the rates at $4.00 and $5.00 per day respectively for 1939. Shortly thereafter, Baughman brought this action of assumpsit claiming $447.50, with interest, the difference between the rates fixed by the auditors and the rates fixed by the court for the number of days he worked during 1939. There was no controversy over the number of days plaintiff worked, the amount of wages he received, or the additional compensation he would be entitled to receive under the new rates.

The question relates solely to the method of procedure adopted by appellant. It is appellee's contention that assumpsit does not lie for the reason that a statutory remedy is provided. The Second Class Township Law, supra, §553, as amended, 53 P. S. §19093-553, provides: "The township, or any taxpayer thereof on its behalf, or any officer whose account is settled or audited by the township auditors, may appeal from any settlement or audit of the township auditors to the court of common pleas within forty-five days after the settlement has been filed in the court of quarter sessions." This remedy, appellee argues, is exclusive, and having failed to appeal from the auditors' report for 1939, appellant was barred from maintaining a common law action.

It is well settled as a general rule that an auditor's or controller's report, unappealed from, is conclusive, and can only be challenged as provided by the statute. *Hempfield School District Appeal,* 351 Pa. 1, 39 A. 2d 919; *Skelton v. Lower Merion Township,* 318 Pa. 356,

178 A. 387. The purpose of the statute in compelling an audit is to adjust and settle the accounts of the officer and determine the amount due him. In determining the amount due appellant, two factors were involved: the number of days worked and the rates per day. There was no dispute about the former; only the latter was in question; and this question had been properly raised in the statutory method, viz., the appeal to the court of common pleas from the auditors' report for 1938. It fixed the pay rates for appellant as well as for the other supervisors. The statute contemplates uniform rates, not different rates for men acting in the same capacity.

The learned court below states in its opinion that appellant should have paid himself at the increased rates during 1939, as did the other supervisors, and if not satisfied with the auditors' report for 1939, he should have appealed to the court of common pleas. This is a rather tenuous suggestion, for during 1939 no one had any way of ascertaining what the legal rates would be. Since the appeal was not decided until 1942, Bair and Kemerer simply paid themselves at arbitrary rates during 1939. There would have been no point to appellant's taking an appeal from the auditors' report for 1939, because the precise question had been raised and decided by the appeal from their 1938 report.

The judgment of the court of common pleas, in fixing the legal pay rates retroactively, superseded the auditors' reports. Furthermore, Section 560 of the act provides: "After hearing, the court shall file its finding of fact and law, and enter judgment in accordance therewith, and the judgment so entered may be enforced by any appropriate proceedings by the party prevailing." What more appropriate proceeding than an action in assumpsit could plaintiff have instituted for the enforcement of the judgment as it affected the wages due him? That "There may be circumstances under which an action of assumpsit may be the proper remedy not only to enforce payment of commissions earned but to deter-

mine the amount thereof: See McNulty v. Throop Boro. School Dist., 299 Pa. 465." was recognized by the Supreme Court in *Skelton v. Lower Merion Township*, supra, p. 358, the leading case relied on by the court below and by appellee on this appeal. Cf. *House v. Allegheny Co.*, 153 Pa. Superior Ct. 396; 34 A. 2d 48; *Kistler v. Carbon Co. et al.*, 154 Pa. Superior Ct. 299, 35 A. 2d 733.

We conclude that under the particular circumstances of this case appellant's right of action was not restricted to the remedy provided by the act, but could be enforced after the entry of the judgment of the court of common pleas by "any appropriate proceeding" which certainly includes assumpsit.

The judgment is reversed with a procedendo.