Opinion by
 

 Rhodes, P. J.,
 

 This is an appeal by the auditors of the Township of Neville from an order of the Court of Quarter Sessions of Allegheny County (1) striking off certain surcharges against the township officials imposed by the auditors in their annual report for the fiscal year of 1948, and (2) refusing the auditors permission to amend and complete, nunc pro tunc, report of their audit by adding thereto a proper affidavit together with proof of publication.
 

 The Township of Neville is a township of the first class, and the applicable statutory provisions are found in The First Class Township Law of June 24,1931, P. L. 1206, as amended, 53 PS §19092—101 et seq. Section 1003, as last amended by the Act of May 8, 1947, P. L. 163, 53 PS §19092—1003, provides that the township auditors
 
 *125
 
 shall file copy of their audit with the clerk of the court of quarter sessions not later than the fifteenth day of April; that the auditors’ report shall be published withi n ten days after its completion; and that the auditors’ report shall be duly verified by the oath of one of the auditors. Section 1003, as amended, in these respects, reads as follows:
 

 “The auditors shall complete their audit, settlement, and adjustment within as short a time as possible, and shall file copies thereof with the secretary of the township, the clerk of the court of quarter sessions and the Department of Internal Affairs not later than the fifteenth day of April. Any officer or person whose act or neglect has contributed to the financial loss of the township shall be surcharged by the auditors Avith the amount of such loss. They shall, within ten days after the completion of their report, publish, by advertisement in at least one newspaper of general circulation published in the toAvnship, or if no newspaper is published therein, then in one newspaper circulating generally in the township a concise financial statement setting forth the balance in the treasury at the beginning of the preceding fiscal year; . . . The auditor’s report and financial statement shall be signed by all of the auditors and the auditor’s report shall be duly verified by the oath of one of the auditors.”
 

 The auditors of the ToAvnship of Neville filed their annual report for the fiscal year 1948 in the Court of Quarter Sessions of Allegheny County on May 5, 1949, about twenty days later than the Act prescribes. The report Avas signed by the three auditors but it lacked Aerification by the oath of one of the auditors. It was published by advertisement in a newspaper circulating generally in the toAvnship on May 20, 1949, or fifteen days after the date on Avhieh it was filed in the office of the clerk of the court of quarter sessions. The report
 
 *126
 
 contained twenty-five items of surcharge; the township commissioners were surcharged a total of $11,415.15; the township solicitor was surcharged $352. Many of the items relate to the use of township labor, equipment, and funds for the individual or private profit of the commissioners.
 

 On June 2, 1949, the five township commissioners surcharged in the auditors’ report presented a petition to the Court of Quarter Sessions of Allegheny County, in which they asked that a rule be granted upon the Township of Neville and the auditors of the Township of Neville to show cause why the auditors’ report for the fiscal year 1948 should not be set aside, vacated, and stricken from the records. This petition alleged that the auditors’ report was illegal and not in compliance with the Act in that (1) it was not verified by the oath of any of the auditors; (2) was filed subsequent to the fifteenth day of April, 1949; and (3) was not published by advertisement in a proper paper within ten days. after the filing of the report. A rule was granted in accordance with the prayer of the petition. On June 9, 1949, the auditors presented their petition to the Court of Quarter Sessions of- Allegheny County in which they asked permission to amend and supplement their report nunc pro tunc by adding thereto the necessary oath or verification and proof of publication in the Coraopolis Record. On the same day, June 9,1949, the auditors filed their answer to the petition of the township commissioners and rule to show cause why the report should not be stricken off. In these two pleadings the auditors averred, inter alia, (1) that completion of the audit was unavoidably delayed by the necessity of conducting formal hearings and by the failure of the township officials to cooperate; (2) that The First Class Township Law prescribing the filing date of. the auditors’ report is not mandatory; (3) that the verification by
 
 *127
 
 the oath of one of the auditors was omitted through inadvertence; (4) that publication in the Coraopolis Record, proof of which was submitted to the court, was unavoidably delayed due to the refusal of the newspaper management to publish the report until the costs were advanced by the auditors; and (5) that such publication was a sufficient compliance with the Act.
 

 The Township of Neville and the township commissioners on June 17, 1949, and June 21, 1949, filed answers to the auditors’ petition for leave to amend the report as to verification and to submit proof of publication nunc pro tunc. In their answers it was averred that the surcharges imposed by the auditors have no monetary value to the township; that such surcharges were set up wholly because the commissioners had refused to pay the auditors an illegal per diem compensation for the year 1947; that the delay in filing the report was entirely the fault of the auditors; and that the surcharges were invalid.
 

 After argument on the petitions and rules, the court of quarter sessions, on June 23, 1949, discharged the rule to show cause why the auditors’ report should not be stricken from the records, and allowed the auditors’ petition to amend their report by filing verification and proof of publication nunc pro tunc. The next day, June 24, 1949, the court discharged the rule to show cause why the auditors should not amend their report, dismissed their petition, and made absolute the rule to show cause why the auditors’ report should not be stricken from the record; and it then struck off so much of that report as imposed surcharges. The auditors have appealed to this Court.
 

 The audit of the accounts of local government officials and the procedure to be followed are prescribed by statute. Sections 1001-1019 of The First Class Township Law of 1931, as amended, 53 PS §§19092—1001-1019,
 
 *128
 
 relate to the auditors of such townships, and govern the present appeal. The reports of such auditors must be challenged in the manner provided by the Act; the statutory remedies provided by this Act and similar acts are exclusive.
 
 O’Gara v. Phillips,
 
 297 Pa. 526, 532, 147 A. 613;
 
 Senor v. Dunbar Township School District,
 
 307 Pa. 190, 193, 160 A. 701;
 
 Skelton v. Lower Merion Township,
 
 318 Pa. 356, 360, 178 A. 387;
 
 Unangst’s Appeal,
 
 333 Pa. 489, 5 A. 2d 201;
 
 Hempfield School District Appeal,
 
 351 Pa. 1, 4, 39 A. 2d 919;
 
 Baughman v. Hempfield Township,
 
 159 Pa. Superior Ct. 178, 180, 48 A. 2d 41; Annotation, 103 A. L. R. 1048, 1064. Section 1009 of The First Class Township Law, as amended by the Act of April 29, 1937, P. L. 525, 53 PS §19092—1009, provides: “The township, or any taxpayer thereof on its behalf, or any officer or person whose account is settled or audited by the township auditors, may appeal from any settlement or audit to the court of common pleas within forty-five days after the settlement has been filed in the court of quarter sessions.” Where it is alleged that the report of such auditors is erroneous, illegal, biased, or unfair, the parties affected thereby must pursue the remedy provided by the Act, that is, they must appeal from the auditors’ report to the court of common pleas within the time specified.
 
 Skelton v. Lower Merion Township,
 
 supra, 318 Pa. 356, 362, 178 A. 387;
 
 Unangst’s Appeal,
 
 supra, 333 Pa. 489, 493, 5 A. 2d 201. In the present case the exclusive remedy available to the township officials surcharged in the auditors’ report was by an appeal to the court of common pleas, and not by a petition to the court of quarter sessions to strike off the report or any of the surcharges contained therein.
 
 Com. ex rel. v. Joyce,
 
 3 Pa. Superior Ct. 609, 614. The township officials who were surcharged did take timely appeals to the Court of Common Pleas of Allegheny County, and the appeals of the five township
 
 *129
 
 commissioners were pending at tlie time the present appeal was taken to this Court. On his appeal to the court of common pleas, the township solicitor was exonerated as to the single surcharge against him. All questions relating to the validity of the surcharges can be presented to the court of common pleas on appeal. Consequently, the action of the court of quarter sessions in this case striking off the surcharges contained in the auditors’ report was error, and its order must be reversed. In the absence of fraud the decision of auditors “is conclusive, and cannot again be inquired into either by the same tribunal at another time or by a court of law except in the manner provided by statute.”
 
 Skelton v. Lower Merion Township,
 
 supra, 318 Pa. 356, 360, 178 A. 387;
 
 St. Paul Mercury Indemnity Company’s Appeal,
 
 325 Pa. 535, 538, 191 A. 9;
 
 Senor v. Dunbar Township School District,
 
 supra, 307 Pa. 190, 192, 193, 160 A. 701;
 
 Com. v. Keenan,
 
 31 Pa. Superior Ct. 586, 588. The validity of the surcharges was not properly before the court of quarter sessions, nor is it in any manner before us on this appeal.
 

 The requirement in section 1003 of the Act, as amended, 53 PS §19092—1003, that the auditors shall file copies of their report, inter alia, with the clerk of the court of quarter sessions “not later than the fifteenth day of April” must be construed as directory rather than mandatory. See
 
 Baldwin Appeal,
 
 153 Pa. Superior Ct. 358, 361, 362, 33 A. 2d 773. “The provision in the statute prescribing the time when the auditors shall audit the finances of the school district is merely directory”:
 
 In re Manor Township School District,
 
 85 Pa. Superior Ct. 84, at page 91;
 
 Mauch Chunk Township School District v. Fisher,
 
 130 Pa. Superior Ct. 328, 336, 197 A. 635. The failure of auditors to file their reports within the prescribed time will not prevent the reports from being
 
 *130
 
 valid.
 
 [1]
 

 Unangst’s Appeal,
 
 supra, 333 Pa. 489, 495, 5 A. 2d 201. Any other interpretation would ignore the interest of the public in holding officials accountable for public funds. '
 

 We are also of the opinion that the auditors had a right to amend their report by adding the prescribed oath and to supplement it by filing proof of publication, although the advertisement of the report was not strictly within the time directed by the Act. The auditors acted promptly and prior to the expiration of the forty-five day limitation for appeal to the common pleas from their report, i.e., before their report became final and unappealable. The addition of an oath was a formal matter and did not relate to any of the substantive items charged in the account. The publication was in compliance with the Act except in so far as it was delayed, but the delay was not fatal, being merely a failure to follow strictly the directory rather than mandatory provisions of the Act. Undoubtedly, auditors cannot make substantive changes in their reports after they become final and conclusive,
 
 [2]
 
 but we do not find such a principle a bar to the corrections sought to be made by the auditors in the present proceeding. Technical objections should not prevent the investigation of the accounts of public officers especially where the auditors’ report is in substantial compliance with the applicable law.
 
 Unangst’s Appeal,
 
 supra, 333 Pa. 489, 493, 495, 5 A. 2d 201. The action of the court below in refusing to allow the auditors to amend and supplement their report in the manner requested was erroneous under the circumstances, and the order will be reversed.
 

 
 *131
 
 At the oral argument before this Court the right of the auditors to appeal from the order of the Court of Quarter Sessions of Allegheny County was questioned. The auditors were interested parties to the extent of complying with the legislative mandate to prepare and file a report. Unless they have the right to defend the filing of their report, it would be stricken off upon the application of those who have been surcharged, but whose statutory remedy is by appeal to the court of common pleas. There was no one else to defend the interests of the township. Not only were pleadings filed in the court of quarter sessions in the name of the township on behalf of those officers who were surcharged, but in its name a brief has been filed in this Court supporting the action of the court of quarter sessions. There is no statutory authority for this.
 

 Section 1006 of the Act of 1931, 53 PS §19092—1006, authorizes the auditors to employ an attorney in case of disagreement with officials whose accounts they are required to audit. This section also provides that the auditors have the right to compensate such attorney to the extent therein provided out of the fund, the settlement of which is in dispute, by warrant drawn by the auditors upon the treasurer of such fund. Under section 1008,53 PS §19092—1008, the auditors.are empowered to enforce the collection for the benefit of the township of any balance or surcharge found owing by any officer or person whose account is audited. Naturally, the auditors are not given, eo nomine, a right to appeal from their own report to the court of common pleas in section 1009, 53 PS §19092—1009, but the township, or any taxpayer thereof on its behalf, is granted such right, as well as any officer or person whose account is audited. However, it is clear that the auditors are entitled to be heard and could testify in support of their report upon an appeal therefrom to the court of common pleas.
 
 Liko
 
 
 *132
 

 vich Appeal,
 
 347 Pa. 40, 45, 31 A. 2d 543. In any even!, the auditors are not claiming any right to appeal to or from the court of common pleas. But they do assert the right to appeal to this Court from the order of the court of quarter sessions which struck off a part of their report and denied them permission to amend and supplement it. Section 1018 of the Act, 53 PS §19092—1018, provides as follows: “Any person interested may except to the rulings of the courts, and may appeal therefrom to the Superior or Supreme Court as in other cases.” The auditors were necessarily brought in as parties in the court below. They are sui generis, and in a real sense they represent the public. Taking into consideration the entire Act, we think the auditors had such an interest in the proceedings here involved as would give them the right to appeal from the order of the court below.
 

 We recognize the principle that a quasi judicial body which passes upon the rights of others ordinarily has no such interest in a proceeding as would give it a right of appeal.
 
 Lansdowne Borough Board of Adjustment’s
 
 Appeal, 313 Pa. 523, 170 A. 867;
 
 Moskowitz’s Registration Case,
 
 329 Pa. 183, 191, 196 A. 498;
 
 Pennsylvania Labor Relations Board v. Heinel Motors, Inc.,
 
 344 Pa. 238, 25 A. 2d 306. But the auditors are not here attempting to act as judge and party in the same case. See
 
 Kistler v. Carbon County,
 
 154 Pa. Superior Ct. 299, 308, 35 A. 2d 733. They defend their right to file in the court of quarter sessions their report as prepared; the validity of its contents is thereafter for the common pleas on appeal by others.
 

 We are convinced that it is within the clear intendment of the Act and in the public interest that the auditors should be permitted to pursue an appeal from the present order of the Court of Quarter Sessions of Allegheny County.
 

 
 *133
 
 The order of the court below is reversed. The court below is directed to reinstate the surcharges as shown in the audit of 1948, and to allow the amendment (verification by oath of one of the auditors) and the supplement (proof of publication) to the auditors’ report, in accordance with the petition of the auditors.
 

 [1]
 

 The auditors could have been compelled in a mandamus proceeding to perform their duty and file a report at a later date.
 
 In re Manor Township School District,
 
 85 Pa. Superior Ct. 84, 91.
 

 [2]
 

 See
 
 Westmoreland County v. Fisher,
 
 172 Pa. 317, 33 A. 571.