## Bond v. Fernandez

*L. Cashdollar,* for petitioners.
*Alfred L. Steff, Jr.,* for contra.

KLEIN, J., April 30, 1974.—We have before us a petition by borough auditors for issuance to five borough councilmen and the borough mayor of a rule to show cause why the 1973 auditors' report should not be opened and surcharges assessed and entered against said respondents. There is no allegation of fraud. The allegations concern unfamiliarity by petitioners with certain technical and legal requirements and after-discovered facts without an allegation of concealment.

At the time the petition was presented in open court, counsel for respondents appeared to object on the basis of no authority for the instant procedure.

The objection is well taken. In the case of Gribble v. Miller et al., 3 Pa. Commonwealth Ct. 520 (1971), the court, quoting from Riehl v. Miller, 319 Pa. 201, 178 A. 495 (1935) and Skelton v. Lower Merion Township, 318 Pa. 356, 178 A. 387 (1935), held that:

" 'The general rule is that, in the absence of fraud, an audit is conclusive and can only be challenged as provided by the statute.' (319 Pa. 207, 178 A. 497)."

" 'The Legislature has created this special tribunal [the township auditors] giving it all the judicial powers necessary to determine the indebtedness from or to the officer. The decision of this tribunal is conclusive, and cannot be inquired into either *by the same tribunal at another time* or by a court of law except in the manner provided by statute . . .' 318 Pa. 360, 178 A. 388." (Italics supplied.)

See also Borough of Detweiler, 26 Dauph. 270 (1923).

Further, the said auditors' report was filed on March 29, 1974, and the statutorily provided appeal therefrom may be taken not later than 40 days thereafter: Act of February 1, 1966, P. L. (1965) 1656 (No. 581), sec. 1044, 53 PS §46044.

For these reasons, we make the following

## ORDER

And now, April 30, 1974, the herein petition for a rule to show cause is refused.