Brady Township, Appellant, *v.* Jesse Ashley, Clair Buzzard, Robert Buzzard, Paul Lindey and Robert Buzzard et al, Appellees.

Submitted on briefs, November 8, 1974, to Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Lee C. McCandless,* with him *McCandless, Chew & Krizner,* for appellant.

*David L. Cook,* for appellees.

OPINION BY JUDGE BLATT, February 4, 1975:

On February 22, 1972 the auditors of Brady Township (Township) in Butler County filed their 1971 audit report of the Township supervisors with the Clerk of Courts of Butler County, as required by Section 547 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §65547 (Supp. 1974-1975). The report surcharged the supervisors and their secretary in the following amounts:

1) Robert Buzzard, superivsor—$241.65
2) Jesse Ashley, supervisor—$221.40
3) Paul Lindey, supervisor—$70.00
4) Robert Buzzard, Jesse Ashley and Paul Lindey— jointly and severally for an additional $936.90
5) Clair Buzzard, secretary—$140.00.

All of the supervisors concerned, as well as the secretary, had been given advance notice of the proposed audit and surcharge and all, except Mr. Lindey, had attended an auditors' meeting on February 18, 1972 at which the proposed surcharge was discussed. On March 2, 1972 notice of the audit and surcharges appeared in a newspaper, the Butler Eagle, so that the notice requirements of Section

547, 53 P.S. §65547 (Supp. 1974-1975) were met. On or about March 1, 1972 the auditors also mailed a copy of the audit and surcharge to the 1972 secretary of the board of supervisors, Rosemary Patterson, who called it to the attention of the supervisors then in office, two of whom were Mr. Buzzard and Mr. Ashley, the terms of Mr. Lindey and Mrs. Buzzard having expired on the last day of 1971. On July 3, 1972, obviously more than 45 days having elapsed since the February 22 filing and without an appeal having been taken, the surcharges were entered as judgments against the superivsors and secretary named and in favor of the Township, pursuant to Section 551 of The Second Class Township Code, 53 P.S. §65551. On August 16, 1972 petitions to open the judgments were filed, each of the supervisors and the secretary claiming that they had had no notice of the surcharge. After a hearing, the Court of Common Pleas of Butler County ordered that the petitions to open judgments be granted. The Township has appealed from that order to this Court.

Our scope of review here is limited. A petition to open judgment is an appeal to the court's equitable powers and the court's exercise of its discretion will not be disturbed on appeal unless a clear abuse of discretion is shown. *Nilles v. Guiden,* 419 Pa. 271, 214 A. 2d 233 (1965); *Colucci v. Imperial,* 414 Pa. 289, 200 A. 2d 297 (1964); *Thomasik v. Thomasik,* 413 Pa. 559, 198 A. 2d 511 (1964). It is likewise clear, however, that in order to open a judgment, the petitioners must aver a valid defense and also establish equitable considerations which impress the court with the need for relief. *McDonald v. Allen,* 416 Pa. 397, 206 A. 2d 395 (1965); *Universal Builders Supply, Inc. v. Shaler Highlands Corporation,* 409 Pa. 334, 186 A. 2d 30 (1962). In this case the petitioners have failed to show any equitable basis upon which they might have the judgments opened.

Section 551 of The Second Class Township Code, 53 P.S. §65551, states: "Any balance, in any report of the auditors, against any officer of the township shall constitute a surcharge against such officer, as fully as if expressly stated in said report to be a surcharge. The auditors shall direct the clerk of court of quarter sessions to certify the amount of every such balance or surcharge from which no appeal has been taken, within the time and in the manner hereinafter provided, to the court of common pleas and the prothonotary shall enter the same as a judgment against such officer and in favor of the township." Section 553, 53 P.S. §65553, sets forth the 45 day period during which an appeal may be taken to the Court of Common Pleas: "The township, or any registered elector or taxpayer thereof on its behalf, or any officer whose account is settled or audited by the township auditors, may appeal from any settlement or audit of the township auditors to the court of common pleas within forty-five days after the settlement has been filed in the court of quarter sessions."

The officials who were surcharged by the Township failed to appeal the surcharge to the court of common pleas, as they were permitted to do by this statute. They cannot now make up for their own omission by resorting to an alternate procedure. Our courts have repeated again and again the exclusiveness of the statutorily authorized means for appealing an auditor's report. In *Neville Township Auditors Report*, 166 Pa. Superior Ct. 122, 70 A. 2d 379 (1950), the Superior Court held that the lower court had erred in granting to surcharged Township officials a petition to strike an auditor's report. "The reports of such auditors must be challenged in the manner provided by the Act; the statutory remedies provided by this Act and similar acts are exclusive . . . . Where it is alleged that the report of such auditors is erroneous, illegal, biased, or unfair, the parties affected thereby must pursue the remedy provided by the Act, that is, they must appeal from

the auditors' report to the court of common pleas within the time specified." (Citations omitted) *Neville, supra* at 128, 70 A. 2d at 382. In the absence of fraud, an audit is conclusive and can only be challenged as provided by the statute. *Riehl v. Miller*, 319 Pa. 201, 178 A. 495 (1935) ; *Gribble v. Miller*, 3 Pa. Commonwealth Ct. 520, 284 A. 2d 825 (1971). "The purpose of the legislature in compelling such accounting was to provide a simple, speedy and effective method for adjusting the fiscal matters of a municipality. . . . The legislature has created this special tribunal giving it all the judicial powers necessary to determine the indebtedness from or to the officer. The decision of this tribunal is conclusive, and cannot again be inquired into either by the same tribunal at another time or by a court of law except in the manner provided by statute." *Skelton v. Lower Merion Township*, 318 Pa. 356, 360, 178 A. 387, 388-389 (1935).

The surcharged officials averred in their petitions that they never received notice of the surcharges until after the judgments had been entered, and the lower court in its opinion agreed that no formal notice was received. It seems clear to us, however, after reviewing the record, that they were fully notified. All were personally given notice of the proposed surcharge and of the meeting at which it was discussed. After the audit and surcharge were filed, a copy was sent to the secretary of the board of supervisors who took it to the March meeting of the board of supervisors where it was considered by Mr. Buzzard and Mr. Ashley. The statutory requirement that the audit be advertised in a local newspaper was followed. The transcript indicates that even the lower court judge himself recognized that the officials had actually been sufficiently notified, for, in concluding the hearing, he said: "Gentlemen, you have plenty of notice, and I'm kind of hard-pressed to open this for you. You got forty-five days, and there was all kinds of notice. The Eagle is notice to you, whether you know it or not, but thanks

for attending, all of you, and we'll see what we can do."

The surcharged officials may have been unaware of the 45 day appeal period. But neither ignorance nor mistake of the law with a full knowledge of the facts is per se a ground for equitable relief. *Norris v. Crowe*, 206 Pa. 438, 55 A. 1125 (1903), *Klugman v. Gimbel Brothers, Inc.*, 198 Pa. Superior Ct. 268, 182 A. 2d 223 (1962).

The order of the lower court is, therefore, reversed and judgment for Brady Township is reinstated.