# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sales and Marketing Group, Inc.,    :
            Petitioner    :
                      :
       v.    :    No. 198 C.D. 2017
                      :    Argued: December 4, 2017
Pennsylvania Human Relations    :
Commission,    :
            Respondent    :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: January 4, 2018**

Sales and Marketing Group, Inc. (SMG) petitions for review from an order of the Pennsylvania Human Relations Commission (Commission) that denied its petition to open a judgment. SMG failed to answer the complaint its former employee, Jason Scott (Employee), filed with the Commission alleging discriminatory discharge under the Pennsylvania Human Relations Act (Act)[1] based on race and sex. Despite prior settlement negotiations between counsel for Employee and counsel for SMG (Attorney Koller), Employee's counsel did not serve Attorney Koller with the complaint filed with the Commission. As Attorney Koller had not filed an appearance with the Commission at that time, the Commission served SMG directly.

---

[1] Act of October 27, 1955, P.L. 744, as amended, 43 P.S. §§951-963.

SMG argues its failure to answer was excused because it believed, albeit mistakenly, that Attorney Koller was aware of the complaint and handling the dispute. It contends this belief was reasonable despite receiving multiple communications from the Commission regarding its failure to respond. SMG also asserts its petition to open the judgment was prompt, and it maintains it has a defense that warrants a decision on the merits. Because SMG did not establish grounds to open the judgment, we affirm.

## I. Background

This dispute arose from SMG's allegedly discriminatory discharge of Employee from his position as General Manager in June 2014. In early August 2014, counsel for Employee sent SMG a letter advising of Employee's intent to file a complaint with the Commission. He attached a draft complaint to the letter. The letter also invited settlement discussions. Attorney Koller sent a letter in response on August 19, 2014, explaining that he was representing SMG in the discrimination matter. Certified Record (C.R.), Item No. 5, Ex. A. Shortly thereafter, counsel engaged in settlement negotiations. SMG rejected Employee's settlement demand. The attorneys did not further discuss settlement or the ensuing litigation.

On December 8, 2014, Employee filed a complaint against SMG alleging discriminatory discharge under the Act based on race and sex (Complaint). The Commission served SMG with a copy of the Complaint on <u>December 23, 2014</u>. The Commission did not serve Attorney Koller because he had not entered an appearance. The Complaint included a notice to defend. Nonetheless, SMG failed to answer within 30 days of service as required by 16 Pa. Code §42.31(c).

2

When no answer was received, the Commission sent a letter to SMG dated February 4, 2015, requesting an answer within 10 days (February Letter). SMG did not respond. Again, on March 6, 2015, the Commission wrote to SMG requesting an answer within 10 days (March Letter). Again, SMG did not respond.

Shortly thereafter, on March 30, 2015, the Commission filed a petition for a rule to show cause why SMG's failure to answer should not result in a finding of probable cause, and result in a judgment for Employee on liability (March Petition). On April 23, 2015, the Commission issued an order granting the rule, setting a new deadline to answer, or to assert good cause why its failure to answer should not result in entry of judgment in Employee's favor (April Rule). The new deadline, May 4, 2015, passed without SMG filing an answer or other response.

On May 18, 2015, the Commission entered an order under 16 Pa. Code §42.33(d)(4) entering judgment by default against SMG as to liability (Judgment). On June 15, 2015, Attorney Koller entered an appearance for SMG. Later, he claimed he did not receive notice of the May Judgment until August 13, 2015, when he received a letter from the Commission scheduling conciliation.

Instead of participating in conciliation, on September 17, 2015, SMG filed a motion for extraordinary relief seeking to open the Judgment (Petition to Open). Employee and the Commission filed responses in opposition, and SMG replied.

A motions examiner denied the Petition to Open on November 10, 2015 (Interlocutory Order). In the findings and rationale accompanying the Interlocutory Order, he found SMG received all correspondence, including the April Rule. Because all communications were directed to SMG, he rejected the premise that SMG believed its counsel was handling the matter.

Initially, SMG filed a petition for review of the Interlocutory Order. The Commission filed preliminary objections. After telephonic argument on the objections, which were deemed a motion to quash, this Court quashed the appeal.

Subsequently, a hearing examiner conducted a public hearing limited to Employee's damages. The parties submitted post-hearing briefs. Based on the evidence and briefing, the hearing examiner issued a recommendation awarding damages to Employee.

Ultimately, in January 2017, the Commission adopted the hearing examiner's recommendation, and it issued a final order awarding Employee $100,766.70 for lost earnings, plus six percent interest per year as of his discharge date. In its adjudication, the Commission determined that SMG was served with a copy of the Complaint in December 2014, to which it failed to respond. Comm'n Adj., 1/23/17, Finding of Fact, (F.F.) No. 2; Reproduced Record (R.R.) at 339a. It also found the Commission sent the February and March Letters advising of the consequences if an answer to the Complaint was not filed. SMG's employee signed for the April Rule sent by certified mail. F.F. No. 6. Thus SMG had notice of impending judgment.

SMG petitions for review[2] from the Commission's final order, as well as the Interlocutory Order denying its Petition to Open. SMG asks this Court to vacate the judgment and to remand for further proceedings on the merits. After briefing and argument, the matter is ready for disposition.

## II. Discussion
### A. Issues Preserved

SMG's petition for review raised two issues: (1) the Complaint does not sustain an inference that discrimination occurred;[3] and, (2) the Commission abused its discretion in denying its Petition to Open and should decide the case on the merits rather than procedural default. See Pet. for Review (Pet.) at ¶5. However, SMG briefed only the entry of judgment on liability issue. Accordingly, only that issue is capable of appellate review. See Com. v. Spontarelli, 791 A.2d 1254, 1259 n.11 (Pa. Cmwlth. 2002) ("Mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of this matter.").

As to the entry of judgment, SMG claims it meets the three factors required to open a judgment. See 16 Pa. Code §42.33. It argues the Judgment should be vacated because its failure to file an answer was the result of "excusable neglect," Pet'r's Br. at 11, because it believed, albeit mistakenly, that Attorney Koller was

---

[2] Our review is limited to determining whether the Commission violated constitutional rights, made findings of fact which are not supported by substantial evidence, or committed legal error. Pa. Bd. of Prob. & Parole v. Pa. Human Rel. Comm'n, 66 A.3d 390 (Pa. Cmwlth. 2013).

[3] Under Commission regulations, Commission staff must "determin[e] that a complaint sets forth sufficient facts to raise an inference of unlawful discrimination under the [A]ct, and the respondent has failed to deny these facts in an answer, or has failed to file an answer" before taking steps for an entry of judgment as to liability. 16 Pa. Code §42.33(c).

5

receiving the same communications and handling the matter. In the alternative, SMG attributes its failure to file an answer to attorney error. SMG contends it meets the other criteria for removing an entry of judgment including that it filed its Petition to Open promptly upon discovering the Judgment. It also asserts it has a defense that warrants litigation on the merits.

### B. Prerequisites for Opening Judgment

This Court follows the common law for a petition to open default judgment when reviewing a Commission entry of liability under 16 Pa. Code §42.33. Bebee v. Pa. Human Rel. Comm'n, 55 A.3d 1280 (Pa. Cmwlth. 2012); see Kennedy v. Black, 424 A.2d 1250 (Pa. 1981) (outlining common law factors for opening default judgment). In Bebee, we held a petitioner must satisfy three factors to warrant opening a default judgment: (1) prompt filing of a petition to open; (2) a reasonable excuse for its failure to act; and, (3) a meritorious defense to the complaint. Id. All three factors must be met before a default judgment may be opened. McCoy v. Pub. Acceptance Corp., 305 A.2d 698 (Pa. 1973). Thus, once the fact-finder determines one factor is not present, the decision to refuse to open the judgment is warranted. Id.

### 1. Timeliness

First, we consider whether SMG's Petition to Open was timely. Here, SMG filed the petition to open on September 16, 2015, almost four months after Judgment, which the Commission entered on May 18, 2015.

Relevantly, the timeliness of a petition to open judgment is measured from the date that notice of the entry of the default judgment is received. However, common law does not establish a specific time frame within which a petition to open

6

a judgment must be filed to qualify as prompt. U.S. Bank N.A. v. Mallory, 982 A.2d 986 (Pa. Super. 2009) (holding 82 days is not prompt). A court must consider the length of time between discovery of the entry of the judgment and the reason for delay. Id. (citing Castings Condo. Ass'n v. Klein, 663 A.2d 220 (Pa. Super. 1995)).

Appellate courts have found a "prompt" filing of the petition to open a default judgment when the period of delay has been less than one month. See Mallory (citing Duckson v. Wee Wheelers, Inc., 620 A.2d 1206 (Pa. Super. 1993)) (one day is timely); Alba v. Urology Assocs. of Kingston, 598 A.2d 57 (Pa. Super. 1991) (14 days is timely); Fink v. Gen. Accident Ins. Co., 594 A.2d 345 (Pa. Super. 1991) (five days is timely). Delays of more than 50 days between notice of the entry of the judgment and the filing a petition to open are not prompt. Mallory (82 days); see Pappas v. Stefan, 304 A.2d 143 (Pa. 1973) (55 days); Quatrochi v. Gaiters, 380 A.2d 404 (Pa. Super. 1977) (63 days).

Here, SMG asserts it met this 30-day threshold because it filed the Petition to Open within one month of Attorney Koller's discovery of the Judgment. Significantly, it cites no legal support for this application of the discovery rule. There is no dispute that SMG received the April Rule, and the Judgment that followed in May. Thus, although SMG knew about the Judgment in May, it took no steps to open it. Indeed, there is no indication that SMG contacted Attorney Koller or the Commission regarding the Judgment at that time.

Importantly, SMG recognizes: "Obviously, the [Commission] was not required to serve [Attorney Koller] since there was no entry of appearance."[4] Pet'r's Br. at 22. Because there was no entry of appearance by Attorney Koller at the time of Judgment, it is appropriate to consider only the time between the date SMG received notice of the Judgment and the filing of the Petition to Open. That period is 121 days.

Regardless, presuming the discovery rule applies to Attorney Koller's notice of the Judgment, and not that of SMG, Attorney Koller admitted he learned of the Complaint on June 15, 2015. Pet'r's Br. at 21, 23. Thus, he became aware that there was a pleading requiring an answer three months before filing the Petition to Open in September 2015. That period is 92 days.[5]

Based on applicable case law and the circumstances here, SMG's Petition to Open was not prompt. It exceeds one month, which is a general parameter courts use when assessing promptness. Mallory.

---

[4] Based on his representations in SMG's brief and at argument, it is clear Attorney Koller did not enter an appearance with the Commission until June 15, 2015. Pet'r's Br. at 10 ("I entered my appearance on behalf of [SMG] on June 15, 2015 via a letter [sic] Investigator Luis Sanabria.").

[5] Nonetheless, Attorney Koller represents he first received notice of the Judgment on August 20, 2015. Pet'r's Br. at 17. However, this date conflicts with repeated statements that he received notice a week earlier. See id. at 10 ("I only became aware of the [Commission's] judgment for [Employee] on the issue of liability when I received a letter from the Commission on August 13, 2015."). Thus, presuming notice on Attorney Koller started the clock for calculating promptness, August 13, 2015, is the proper notice date. That period (notice to filing) is 34 days.

Because the absence of any one factor is a sufficient basis to deny the Petition to Open, McCoy, the Commission did not err. Nevertheless, in the interest of completeness, we briefly address the remaining factors.

## 2. Reasonable Excuse

Next, we consider whether SMG had a reasonable excuse for failing to file an answer. SMG offers two theories for reasonable excuse. First, it asserts its disregard for numerous communications from the Commission was reasonable because it believed, erroneously, that Attorney Koller was handling the case. Second, it contends any error in failing to answer constitutes excusable attorney error.

## a. SMG's Mistaken Belief

Appellate courts have usually addressed the issue of reasonable excuse in the context of a failure to respond to the original complaint in a timely manner. See McFarland v. Whitham, 544 A.2d 929 (Pa. 1988). For example, lack of proper service constitutes grounds for reasonable excuse. See Comyn v. Se. Pa. Transp. Auth., 594 A.2d 857 (Pa. Cmwlth. 1991).

As to a represented party's expectations, in the default judgment context, our Supreme Court held: "Any person entrusting a matter to an attorney in this Commonwealth should be able to believe that the matter will be competently and diligently handled." Dep't of Transp. v. Nemeth, 442 A.2d 689, 691 (Pa. 1982). An "attorney's neglect of his client's affairs provides sufficient justification for [a respondent's] failure to respond to the original complaint." Id.

9

Here, SMG received the Complaint. There is no suggestion that SMG did not receive the two letters warning it of the consequences of failing to answer the Complaint (February & March Letters). There is no dispute that SMG received the March Petition, the April Rule, and the Judgment in May. Thus, neither improper service nor lack of notice excuses SMG's failure to answer.

Instead, the excuse SMG submits is that it believed, erroneously, that Attorney Koller was handling the litigation. In explanation, SMG advises that Attorney Koller's letter in response to the settlement demand showed his representation. SMG asserts: "It is understandable that this mistake happened for a layperson not well-versed in procedure." Pet'r's Br. at 18.

We are unpersuaded that SMG's excuse was reasonable under these circumstances. As of the entry of Judgment in May, after serving the Complaint, the Commission sent four separate warnings to SMG about the consequences of failing to answer. Yet, SMG admittedly did not contact Attorney Koller from the date it received process in December 2014 through May 2015. SMG's failure to contact Attorney Koller when judgment was threatened was not reasonable.

Regardless, SMG's layperson status does not excuse it from the rules. This Court does not recognize ignorance of the law as a valid excuse for not filing a timely response. See Brady Twp. v. Ashley, 331 A.2d 585 (Pa. Cmwlth. 1975). In Brady Township, this Court held that "neither ignorance nor mistake of the law with a full knowledge of the facts is *per se* a ground for equitable relief." Id. at 588.

10

There, we reasoned it was incumbent upon the petitioner to contact her counsel once she knew about the action filed against her. We also emphasized the lack of any evidence that the petitioner did not know about the action against her or about the intent of the opposing party to obtain default judgment.

Following that reasoning here, SMG's proffered excuse was not reasonable. SMG failed to contact Attorney Koller in more than eight months after the filing of the Complaint, despite receiving numerous warnings of the consequences of failing to answer. Therefore, SMG did not establish a reasonable excuse.

### b. Attorney Error

Turning to SMG's second theory of reasonable excuse, which placed the onus for responding on Attorney Koller, we consider whether the defense of attorney error merits opening the Judgment.

Mistake or inadvertence of counsel may justify opening a default judgment where a reasonable excuse for the default is offered. Horan v. R.S. Cook & Assoc. Inc., 430 A.2d 278, 279 (Pa. Super. 1981). "Errors of counsel ... which indicate an oversight rather than a deliberate decision not to defend, have been held to constitute sufficient legal justification to open a default judgment. Nemeth, 442 A.2d at 691 (emphasis added).

Acceptable excuses include the misplacement or mishandling of papers through no fault of the client or his attorney, or a clerical oversight resulting in an

11

attorney being unaware of the suit from the outset. Nemeth. However, an attorney's carelessness or dilatoriness, or failure to act when knowing the consequences, are not acceptable. Our Supreme Court rejected the following as reasonable excuses for not filing responsive pleadings: attorney confusion as to length of extension; failure to follow local court customs; and, an attorney's belief that opposing counsel would not take a default judgment. Kennedy.

At the outset, we recognize this is not a case where a client was without fault by providing filings to counsel who then did not act upon them. Nemeth. This is a case where counsel did not receive any client communication regarding the litigation. Further, there is no dispute that all relevant filings were served directly on SMG without copy to Attorney Koller. Thus, "attorney neglect" does not offer an appropriate excuse until Attorney Koller received notice.

Here, Attorney Koller became aware of the litigation sometime before June 15, 2015.[6] At that time, he claims he entered his appearance by letter and called the Commission investigator on the matter. Pet'r's Br. at 10. Yet, the certified record reflects he did not file anything in the litigation until he filed the Petition to Open on September 16, 2015.

There is no suggestion that Attorney Koller's failure to file an answer earlier than 92 days post-notice resulted from any inadvertence or mistake. Cf. Flynn v. Am. W. Airlines, 742 A.2d 695, 699 (Pa. Super. 1999) ("[W]here the failure to

_____

[6] The certified record does not include a formal entry of appearance by Attorney Koller. However, he attached the June 2015 letter as Exhibit B to the Petition to Open.

12

answer was due to an oversight, an unintentional omission to act, or a mistake of the rights and duties of the appellant, the default judgment may be opened."). Because Attorney Koller does not identify mistake or inadvertence, the attorney error defense does not justify opening the Judgment here. See Seeger v. First Union Nat'l Bank, 836 A.2d 163, 167 (Pa. Super. 2003) ("Excusable negligence must establish an oversight rather than a deliberate decision not to defend.") (quotation marks and quotation omitted).

### 3. Meritorious Defense

Lastly, we consider whether SMG submitted a meritorious defense.

This Court holds "a meritorious defense is one that is sufficient to justify relief if proven." Se. Pa. Transp. Auth. v. DiAntonio, 618 A.2d 1182, 1184 (Pa. Cmwlth. 1992). Further, a petition to open must set forth its defenses "in precise, specific, clear and unmistaken terms." City of Phila. v. New Sun Ray Drug, Inc., 394 A.2d 1311, 1313 (Pa. Cmwlth. 1978). It must also set forth the facts underlying the defense. Id.; see Young v. Matthews Truck'g Corp., 119 A.2d 239 (Pa. 1956).

SMG does not set forth any defense to the Complaint in its brief. Also, our review of the answer attached to the Petition to Open at Exhibit D (C.R. at Item No. 5) shows a series of general denials, and no new matter. SMG offered no defense, much less one with merit. Thus, SMG did not meet the third factor. Accordingly, we discern no error in the Commission's denial of its Petition to Open.

13

### III. Conclusion

For the foregoing reasons, we conclude SMG did not meet the three factors required to open an entry of judgment. Therefore, we uphold the Judgment against SMG, and we affirm the Commission's order.

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sales and Marketing Group, Inc.,      :
                     Petitioner      :
                                     :
           v.                       :      No. 198 C.D. 2017
                                     :
Pennsylvania Human Relations      :
Commission,                            :
                     Respondent      :


# **O R D E R**

**AND NOW**, this 4th day of January, 2018, the order of the Pennsylvania Human Relations Commission is **AFFIRMED**.


                                       _____

                                         ROBERT SIMPSON, Judge