**Phyliss BEBEE, Petitioner**

v.

**PENNSYLVANIA HUMAN RELATIONS COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 19, 2012.

Decided Nov. 14, 2012.

Jerry Schuchman, Roslyn, for petitioner.

Sandra M. Di Iorio, Philadelphia, for intervenor Bank of America, N.A.

Charles L. Nier, III, Philadelphia, for respondent.

BEFORE: PELLEGRINI, President Judge, and SIMPSON, Judge, and COLINS, Senior Judge.

OPINION BY President Judge PELLEGRINI.

Phyliss Bebee (Petitioner) petitions for review from an order of the Pennsylvania Human Relations Commission (Commission) dismissing her complaint which alleged that Bank of America, N.A. (Bank of America), violated Section 5(h)(8)(i) of the Pennsylvania Human Relations Act (Act),[1] because the complaint was untimely and failed to make specific allegations of discriminatory behavior. For the reasons that follow, we affirm the decision of the Commission.

1. Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. § 955(h)(8)(i). Section 5(h)(8)(i) of the Act provides in relevant part that "It shall be unlawful for any person or other entity whose business includes engaging in real estate-related transactions to discriminate against any person ... because of race, color, ... sex, age, handicap or disability."

In March 2007, Petitioner refinanced a mortgage with First Franklin Financial Corporation (First Franklin). Two months later, the loan was sold to Merrill Lynch First Franklin Mortgage Loan Trust (Merrill Lynch), after which, LaSalle Bank National Association became the trustee for Merrill Lynch. The mortgage was then assigned to Bank of America on February 24, 2009, who in turn reassigned the mortgage to U.S. Bank, N.A. (U.S. Bank) on April 9, 2009. On April 21, 2009, a foreclosure action was filed in the Montgomery County Court of Common Pleas based on Petitioner's failure to pay her mortgage.

On August 7, 2009, Petitioner initiated a complaint with the Commission against Bank of America. The claim alleged that she refinanced the mortgage to reduce monthly payments on a house left to her when her mother died. The complaint alleged that she borrowed $263,500 with an interest rate of 8.99 percent, which amount to monthly mortgage payments of $2,030.51, and that the loan has an adjustable rate rider and a balloon rider. The complaint also alleged that her monthly take-home pay at the time of refinancing was $1,900, and she did not realize, until the foreclosure action was commenced, that she received the mortgage based on a reported take-home pay of $5,000 per month. The complaint further alleged that her previous mortgage payment was $1,575 per month and she did not realize how much the payment would increase until after she signed the new mortgage. In Count 1 of the Complaint, Petitioner also alleged that she believed her "race and sex were factors in [her] discriminatory treatment because African Americans and women are disproportional targets of financial fraud." (Reproduced Record [R.R.], at 4c.) Count 2 alleged that Petitioner's age was also a factor for discrimination, as she was 54 and "the elderly are disproportionate targets of financial fraud." *Id.* Bank of America failed to respond to the complaint and there is no dispute over service.

After Bank of America failed to respond to the Complaint, on January 14, 2010, pursuant to 16 Pa.Code § 42.33(c),[2] the Commission issued a Rule to Show Cause on Bank of America, ordering it to explain why its failure to respond should not result in a finding of probable cause and why judgment for Petitioner on the issue of liability should not be issued. Bank of America did not respond to the Rule to Show Cause, so on March 23, 2010, the Commission issued a finding of probable cause and entered judgment on the issue of liability. *See* 16 Pa.Code § 42.33(d)(2), (4).[3] There is no dispute that Bank of America received that notice.

2. 16 Pa.Code § 42.33(c) provides in relevant part:

If the Commission staff determines that a complaint sets forth sufficient facts to raise an inference of unlawful discrimination under the act, and the respondent has failed to deny these facts in an answer, or has filed to file a timely answer, the staff may petition the Commission, through the appropriate motions commission or examiner, for a rule to show cause why this failure should not result in a finding of probable cause, and a judgment for the complainant on the issue of liability.

3. 16 Pa.Code § 42.33(c) provides in relevant part that, after a petition for a rule to show cause is filed, "the Commissioner or examiner will then cause the rule to be issued and served on the respondent for a reply." 16 Pa.Code § 42.33(d)(2), (4) provides that:

Upon consideration of the petition, replies to the rule to show cause, and other information as the motions commissioner or examiner may deem necessary or appropriate, the commissioner or examiner will do one of the following:

\*    \*    \*

(2) Order an answer to be filed by a date certain, with the failure to file resulting in

On September 21, 2011, Bank of America filed a motion seeking to rescind the finding of probable cause and dismiss the complaint on the grounds that (1) it did not originate the loan or have any connection to the alleged discriminatory acts, (2) the complaint was not timely filed, and (3) the complaint was barred by *res judicata* because a class action settlement was approved in Federal District Court in California on May, 2009, to settle claims of race-based predatory lending practices by First Franklin. In that motion it did not set forth any reasons for its failure to timely answer the complaint or respond to the rule to show cause.

■ Based on those substantive allegations, by recommendation dated October 11, 2011, a hearing examiner recommended that the Commission dismiss the complaint because Petitioner failed to specifically show disparate treatment against a class of people and because Petitioner was alleging discriminatory lending practices which would have occurred when the loan was originated in 2007, long before Bank of America had any responsibility with regard to the loan. The hearing examiner also noted that, while the action may have been *res judicata* with regard to the race discrimination claim because of the Federal class action settlement, Petitioner also alleged sex- and age-based discrimination, which was not encompassed by the settlement. (R.R., at 195c.) The recommendation had no findings as to why Bank of America did not respond to the complaint. Based on the hearing examiner's recommendation, the Commission found that a

an appropriate order or recommendation under paragraph . . . (4).

\* \* \*

(4) Recommend to the Commission a finding of probable cause, and the entry of a judgment for the complainant on the issue of liability, to be followed by a public hearing on the issue of damages if conciliation efforts fail.

public hearing would be futile and granted Bank of America's motion to dismiss. This appeal followed.[4]

On appeal, Petitioner argues that the Commission erred in reversing its earlier order finding probable cause against Bank of America liable because it did not meet the standards for lifting of the probable cause finding and judgment of liability pursuant to 16 Pa.Code § 42.33(d)(2), (4). She contends that to open the default judgment, Bank of America had to establish that it (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations. *U.S. Bank N.A. v. Mallory*, 982 A.2d 986 (Pa.Super.2009). She contends that Bank of America's motion did not satisfy the first two prongs to open the "default judgment," and the Commission should not have rescinded its previous order finding probable cause or entering of judgment on liability.

The Commission and Bank of America contend that the standard for opening a default judgment does not apply. Instead, they argue that under 16 Pa.Code § 42.76, the Commission has absolute discretion to rescind a finding of probable cause. That provision provides:

(a) The Commission may rescind a finding of probable cause, if the Commission determines that the finding is no longer appropriate.

(b) If a finding of probable cause is rescinded the case will thereafter pro-

4. Our review of the Commission's determination is limited to determining whether there was a violation of constitutional rights, an error of law, or whether the findings of fact necessary to support the determination are supported by substantial evidence. *Canteen Corp. v. Pennsylvania Human Relations Commission*, 814 A.2d 805 (Pa.Cmwlth.2003).

ceed as if the finding had not been made, which may result in the case being closed under § 42.61 (relating to dismissal of complaints). If the case is closed, the parties will be notified under § 42.61(c), which includes, but is not limited to, the right of the complainant to file a timely request for a preliminary hearing under § 42.62 (relating to request for a preliminary hearing).

The first question, then, is whether the Commission can rescind a probable cause and entry of judgment of liability under this provision.

■■■ A finding of probable cause is a device by which the Commission finds a complaint has sufficient merit that it should proceed to hearing. 16 Pa.Code § 42.71(a) provides that:

(a) If, after a preliminary investigation, the Commission determines that probable cause exists to credit the allegations of the complaint, a finding of probable cause will be made.

(b) Whether or not a finding of probable cause is made, the Commission will, after service of the complaint, encourage a voluntary and informed predetermination settlement between the parties. If a finding of probable cause is made, the Commission will endeavor to eliminate the unlawful discriminatory practice by conference, conciliation and persuasion.

Both this provision and 16 Pa.Code § 42.76, which allows the Commission to rescind the probable cause finding, are contained in Subchapter G of the Commission's regulations. A finding of probable cause allows a case to proceed to hearing. However, those provisions are inapplicable to a finding of probable cause and the entry of judgment of liability under 16 Pa.Code § 42.33(c), located in Subchapter D, which deals with pleadings and the failure to timely respond to a properly served complaint. To remove an entry of judgment of liability entered under § 42.33(c), three factors must be satisfied: (1) prompt filing of a petition to open, (2) a reasonable excuse for the failure to act, and (3) a meritorious defense exists. *Kennedy v. Black*, 492 Pa. 397, 424 A.2d 1250 (1981). Otherwise, the Commission could open the judgment at its whim. Because the Respondent failed to establish those factors, the Commission erred in using that provision to rescind the probable cause finding and entry of judgment on liability.

■■■ However, even if the entry of the judgment on liability by default was improper, the Commission and Bank of America contend that under § 9(j) of the Act,[5] the Commission can still dismiss the complaint because it was untimely filed. That provision provides:

At any time after the filing of a complaint, the Commission shall dismiss with prejudice a complaint which, in its opinion, is untimely with no grounds for equitable tolling, outside its jurisdiction or frivolous on its face.

They argue that even after entry of judgment on liability, the case was still pending and the Commission could dismiss the case as untimely filed based on the foregoing plain language.

Notwithstanding that language, citing *Parks v. Pennsylvania Human Relations Commission*, 848 A.2d 204 (Pa.Cmwlth. 2004), Petitioner contends that by failing to respond to the complaint, Bank of America waived all affirmative defenses including the timeliness of her complaint. In *Parks*, we held, without much analysis, that the defense of accord and satisfaction was not available as a defense because of the respondent's failure to file an answer. The reasoning behind that holding was

---

5. Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. § 959(j).

that it is difficult for a petitioner to defend unless he had notice of the affirmative defense upon which the defendant is relying. A full analysis of the General Administrative Regulations and the Commission's Special Regulations to determine whether the Commission was entitled to utilize the timeliness defense is not necessary here, because the General Assembly has given the Commission the authority to dismiss a complaint at any time for being untimely up until it issues a final order. 43 P.S. § 959(j).

The final issue is whether the Commission properly found that Petitioner's complaint is time barred. To be timely, any complaint alleging unlawful discrimination "must be so filed within one hundred eighty days after the alleged act of discrimination, unless otherwise required by the Fair Housing Act." 43 P.S. § 959(j). In this case, the discrimination that Claimant alleges occurred was when Bank of America discriminated against her in the terms and conditions of a mortgage refinance loan. Ignoring that the loan was made by First Franklin, not Bank of America, that loan closed in March, 2007, and the complaint here was not filed until August, 2009, more than two years later. Making no claim that the Fair Housing Act [6] applies, the Commission properly found that it was time barred because Petitioner's complaint was filed more than 180 days after the closing of the loan.

Accordingly, for the foregoing reasons we affirm the order of the Commission dismissing Petitioner's complaint.

Judge SIMPSON concurs in the result only.

### ORDER

AND NOW, this 14th day of November, 2012, the order of the Pennsylvania Human Relations Commission, dated October 25, 2011, is hereby affirmed.

---

6. In any event, the complaint would still not be timely under the Fair Housing Act, which has a two year statute of limitations. *See* Fair Housing Act, 42 U.S.C. § 3613(a)(1)(B).